**KAUFMAN DOLOWICH & VOLUCK LLP**
LOUIS H. CASTORIA (California Bar No. 95768)
SHEILA PHAM (California Bar No. 293673)
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone: (415) 926-7600

Attorneys for Plaintiff,
Thomas More Law Center

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| THOMAS MORE LAW CENTER, <br><br> Plaintiff, <br><br> vs. <br><br> KAMALA HARRIS, in her Official Capacity as Attorney General of California, <br><br> Defendant. | Case No. <br><br> **NOTICE OF RELATED CASE** <br><br> [Local Rule 83-1.3] |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

In accordance with Local Rule 83-1.3, Plaintiff Thomas More Law Center ("Law Center") files this instant Notice of Related Cases.  The following cases call for a determination of the same or substantially identical questions of law and fact and therefore, are likely to entail substantial duplication of labor for the judges assigned each respective case.  As recently as February 23, 2015, the Honorable Judge Manual L. Real of this Court has ruled on the same issues presented in the instant case and granted the plaintiff's Motion for Preliminary Injunction on these same issues against the same defendant Kamala Harris, Attorney General for California ("AG Harris"), in the *Americans for Prosperity Foundation* case.

## I.      RELATED CASE

*Americans for Prosperity Foundation v. Kamala Harris*, No. 2:14-cv-09448-R-FFM (C.D. Cal. 2014).   Attached as Exhibit A is a copy of the Complaint filed by Americans for Prosperity Foundation.  At issue in *Americans for Prosperity Foundation* is an almost identical demand from AG Harris that Americans for Prosperity provide her with the names and addresses of its donors, through a Schedule B filing, or face enforcement action.  Attached as Exhibit B is a copy of the Court's Order granting Americans with Prosperity Foundation a preliminary injunction against AG Harris, enjoining her from demanding or enforcing her demand for its list of donors, through Schedule B or otherwise.

## II.     THESE CASES ARISE FROM CLOSELY RELATED EVENTS

This instant action and *Americans for Prosperity* are closely related as they arise out of an almost identical letter sent by AG Harris to each organization.  The only differences in the letters are the dates and addresses.  AG Harris demanded both organizations provide her with their Schedule B filings and threatened enforcement action if they failed to comply within 30 days of her letter.

## III.    THESE CASES CALL FOR A DETERMINATION OF SUBSTANTIALLY SIMILAR ISSUES

Both plaintiffs seek to protect the private information of their donors in exercise of their First Amendment rights.  Americans for Prosperity has been successful in enjoining AG Harris through a preliminary injunction, to prevent her from demanding or enforcing her demand for Americans for Prosperity's donor list, through Schedule B or otherwise.  The Law Center seeks the same relief already preliminarily granted to Americans for Prosperity.

//

//

//

**IV.   THESE CASES SHOULD BE HEARD TOGETHER FOR CONSISTENCY AND JUDICIAL ECONOMY**

Both cases arise out of almost identical letters from AG Harris, who made the same demands and threats for both organizations' donor lists, and both plaintiffs seek the same relief: to prevent AG Harris from demanding or enforcing her demand for the names and addresses of their donors through Schedule B filings or otherwise.

It is in the interest of judicial economy for these cases to be heard together and to avoid inconsistent results.

Dated: April 23, 2015                    **KAUFMAN DOLOWICH & VOLUCK LLP**

LOUIS H. CASTORIA
SHEILA PHAM
Attorneys for Plaintiff THOMAS MORE LAW CENTER

4823-7428-1251, v. 1

# EXHIBIT A

1 | QUINN EMANUEL URQUHART & SULLIVAN LLP
Harold Barza (California Bar No. 80888)
2 |   halbarza@quinnemanuel.com
Carolyn Thomas (California Bar No. 286441)
3 |   carolynthomas@quinnemanuel.com
865 S Figueroa St, 10th Floor
4 | Los Angeles, CA 90017
Telephone: (213) 443-3100
5 |
QUINN EMANUEL URQUHART & SULLIVAN LLP
6 | William Burck (DC Bar No. 4015426)*
   williamburck@quinnemanuel.com
7 | Derek Shaffer (California Bar No. 212746)
   derekshaffer@quinnemanuel.com
8 | Jonathan Cooper (DC Bar No. 999764)*
   jonathancooper@quinnemanuel.com
9 | 777 Sixth Street NW, 11th Floor
Washington, DC 20001
10 | Telephone:  (202) 538-8000
*Application *pro hac vice* pending
11 |
*Attorneys for Plaintiff*
12 | *Americans for Prosperity Foundation*

13 | **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
14 | **WESTERN DIVISION**

| | |
|---|---|
| **AMERICANS FOR PROSPERITY FOUNDATION,** | Case No.  2:14-CV-09448 |
| Plaintiff, | **COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND FOR A DECLARATORY JUDGMENT** |
| vs. | |
| **KAMALA HARRIS,** in her Official Capacity as Attorney General of California, | **JURY TRIAL DEMANDED** |
| Defendant. | |

**Introduction**

1.     The First Amendment grants individuals who donate to private advocacy organizations the right to remain anonymous lest public disfavor and harassment chill their speech.  A federal statute reflects this constitutional right by forbidding the compelled disclosure—whether to the public or to state governments—of the confidential federal tax form (called "Schedule B") that lists the names and addresses of donors to nonprofit charitable organizations.  The problem necessitating this lawsuit is that California's Attorney General, for reasons known only to her, is nonetheless trying to compel disclosure of the confidential Schedule B by nonprofits around the State, including this Plaintiff, which is under an especially pronounced threat.  It thus falls to this Court to vindicate the First Amendment and federal law.

2.     Plaintiff Americans for Prosperity Foundation ("Foundation") is a nonprofit that promotes limited government and free markets.  Its views are not universally popular.  It has learned from experience that it must zealously guard the confidentiality of its donors to ensure their safety.  Grotesque threats have been leveled against known associates of the Foundation, ranging from threats to kill or maim, to threats to firebomb buildings.  More mundane threats abound too, including boycotts, firings, and public shaming, all of which are now demonstrated components of the playbook of the Foundation's more extreme opponents.  Disclosure of the Foundation's donors thus poses a grave risk to these individuals' ability to continue expressing themselves robustly and freely.  Precisely because they fear compelled disclosure and the harms that will follow, would-be donors are shying away from contributing to the Foundation, and current donors have warned

1 that they will cease their contributions as and if the prospect of disclosure rises.  It is

2 to alleviate such chilling that the First Amendment and federal statutes protect

3 against the compelled disclosure of an advocacy organization's donors.

4      3.     Despite all this, California is demanding, on pain of sanctions, all the

5 names and addresses of the Foundation's donors listed on its Schedule B.  The State

6 requires charitable organizations to register with the State and to renew their

7 registrations annually.  Each year since 2001, the Foundation registered without

8 divulging the sensitive content of its Schedule B.  Each year California accepted that

9 registration—until now.

10      4.     On March 7, 2013, the Attorney General of California out of the blue

11 notified the Foundation that its registration for 2011 was "incomplete" because "the

12 copy of Schedule B . . . does not include the names and addresses of contributors."

13 No change in California law precipitated this letter:  no new statute or regulation

14 came into effect; no new policy of collecting donor data was announced; no sudden

15 justification for this requirement was invoked.

16      5.     The Foundation resisted, but the Attorney General doubled down on

17 her demand.  Matters reached a boil on October 29, 2014, when the Attorney

18 General issued an ultimatum:  unless the Foundation turned over its Schedule B for

19 2011 and 2012 within 30 days, she would revoke the Foundation's state tax

20 exemption, suspend the Foundation's registration, and impose fines on the

21 Foundation's "directors, trustees, officers, and return preparers," for which these

22 individuals would be "personally liable."  Notably, the Attorney General does not

23 specify the size or nature of the threatened fines, only that they will be imposed on

24 the people most closely associated with the Foundation in their individual capacities.

6.     Faced with these imminent sanctions and with the irreparable loss of First Amendment freedoms, the Foundation is suing both to obtain a declaration that the Attorney General's demand is unlawful on its face and as applied to the Foundation, and to enjoin the Attorney General from enforcing her demand.

**Parties**

7.     Plaintiff Americans for Prosperity Foundation is a Delaware nonprofit corporation headquartered in Virginia.  The Foundation's state director in California works out of an office in Ventura County, located at 5235 Mission Oaks Boulevard Suite 1000, Camarillo, CA, 93012.

8.     The Foundation is devoted to the promotion of limited government and free markets.  To that end, the Foundation hosts conferences, issues policy papers, and runs educational programs to engage policymakers, the media, and individual citizens in policy discussions and to help them understand why policies that promote the American enterprise system are the best method of ensuring prosperity for all Americans, especially the least fortunate among us.

9.     The Foundation funds its activities by raising charitable contributions from donors throughout the country, including in California.  Over a dozen significant donors reside in Los Angeles, California.

10.    Defendant Kamala Harris is Attorney General of California.  In this capacity, she administers California's Supervision of Trustees and Fundraisers for Charitable Purposes Act, Cal. Gov. Code §§ 12580–12599.8.

**Jurisdiction and Venue**

11.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343.

12.    Venue in this Court is proper under 28 U.S.C. § 1391(b).

– 3 –

COMPLAINT

**Facts**

13.     The Foundation is the target of significant public ire from certain quarters vehemently opposed to its policy positions, real and imagined.  The events it hosts are regularly protested.  Hackers have attacked the Foundation's website.[1] President Obama himself has called out the group as suspect:  "Right now all around this country there are groups with harmless-sounding names like Americans for Prosperity, who are running millions of dollars of ads against Democratic candidates all across the country.  And they don't have to say who exactly the Americans for Prosperity are."[2]

14.     When they are known, members and donors of the Foundation encounter concerted harassment, often with violent overtones.  Two of the Foundation's co-founders are David Koch, who is also the Foundation's Chairman, and his brother Charles Koch.  Over the past few years, David Koch and Charles Koch have faced unrelenting threats and attacks via social media, phone calls, email, and protests outside their homes and places of business, due in part to their work with, or perceived ties to, the Foundation.  The threats are serious and often horrific, ranging from threats to kill David and Charles, to threats of violence against their families, to threats to firebomb company facilities or disrupt company business

---

[1] *See* Ben Smith, *"Anonymous" Takes Down Americans for Prosperity Website*, Politico (Feb. 27, 2011), http://www.politico.com/blogs/bensmith/0211/Anonymous_takes_down_Americans_for_Prosperity_website.html.

[2] White House, Remarks by the President at a DNC Finance Event in Austin, Texas (Aug. 9, 2010), *available at* http://www.whitehouse.gov/the-press-office/2010/08/09/remarks-president-a-dnc-finance-event-austin-texas.

EXHIBIT A
Page 9

activities, to threats to injure David and Charles in other ways.  One person sent the following email from the address "deadkochs@Safe-mail.net":

> someone offered me $500,000 to kill david and charles koch i declined the offer and said that i'd do it for absolutely nothing just to rub it in there faces that money can't by you happiness because it's going to make me extremely happy to kill the two of them i'm flying to where they are today so by the end of the week the two biggest piles of shit in american will be dead david and charles are the lowest form of human existence in the universe but will be dead very soon and guess what i'm doing it for free.  I'm not even going to give them the chance to plead or beg for they life just going to sneak up behind them a pop pop pop or maybe get them while they sleep somehow mark my words they will be dead by the end of the month.

15.    Posted on social media outlets are statements like:  "I say we kill the Koch brothers and their entire family line," "Let's drag those Koch brothers out, and let the hangman do his deed, so they can twist in the wind," and "If I was given a chance to murder a Koch brother in cold bloo[d] I would SURELY TAKE IT."

16.    This vitriol extends to others who have been publicly connected with the Foundation.  Donors whose associations with the Foundation are known to the public have received threats of physical harm, have had their businesses boycotted, and have been subjected to character assassination in their hometown newspapers.  For example, a few months ago, reporters published a list of potential donors to the Foundation.[3]  Individuals on the list were immediately harassed and their businesses boycotted.

17.    The Foundation's events and offices throughout the country regularly draw protests.  At these protests, persons associated with the Foundation are often

---

[3] *See* Andy Kroll & Daniel Schulman, *The Koch Brothers Left a Confidential Document at Their Donor Conference*, Mother Jones (Feb. 5, 2014), http:// www.motherjones.com/politics/2014/02/koch-brothers-palm-springs-donor-list.

threatened with violence.  For example, at the Foundation's 2011 summit held at the Convention Center in Washington DC, violent protestors tried to storm the Convention Center, physically accosted and injured some of the attendees when they exited the Convention Center, and placed the remaining attendees at serious risk.[4]

18.     California officials have also previously tried to attack David Koch and Charles Koch, as well as smear the reputation of advocacy groups they thought were associated with David Koch and Charles Koch.  For example, state officials at the California Fair Political Practices Commission ("FPPC") imposed fines on two nonprofit organizations and wrongly claimed in public that these groups were part of the "'Koch Brothers' Network' of dark money political nonprofit corporations."[5] The former chair of the FPPC later admitted that there was no evidence that showed a connection between the groups' activities or funding at issue in California and David Koch and Charles Koch.[6]

19.     Faced with such bullying, current and potential donors are understandably afraid that having their identities disclosed will put them and their families at risk.  Dozens of potential donors, a number of whom live in California,

<hr>

[4] See Clare O'Connor, *Occupy the Koch Brothers: Violence, Injuries, and Arrests at DC Protest*, Forbes (Nov. 5, 2011), http://www.forbes.com/sites/clareoconnor/2011/11/05/occupy-the-kochs-violent-clashes-injuries-and-arrests-at-protest-against-corporate-greed/; Matthew Boyle, *Conservative Group Staffers, Event Attendees: 911 Hung Up On Us Four Times During Occupy DC Mob*, Daily Caller (Nov. 7, 2011), http://dailycaller.com/2011/11/07/koch-group-staffers-event-attendees-911-hung-up-on-us-four-times-during-occupy-dc-mob/.

[5] California Fair Political Practices Commission, *FPPC Announces Record Settlement in $11 Million Arizona Contribution Case* (October 24, 2013), http://www.fppc.ca.gov/press_release.php?pr_id=783.

[6] See Elizabeth Harrington, *Official: Kochs Not Involved in California Campaign Finance Violation*, Washington Free Beacon (Nov. 4, 2013), http://freebeacon.com/politics/official-kochs-not-involved-in-california-campaign-finance-violation/.

1  have reluctantly refused to contribute to the Foundation because they are too fearful

2  of the reprisal they will face if their contribution becomes public knowledge, and

3  current donors have indicated that they will cease their contributions if their names

4  and addresses are revealed to the State of California.

5       20.    The Internal Revenue Service ("IRS") recognizes the Foundation as a

6  501(c)(3) nonprofit charity.  Such charities are exempt from federal income taxes

7  but must file an annual tax return (a "Form 990").[7]  Certain charities—including the

8  Foundation—must also file a Schedule B, which lists the name and address of every

9  individual nationwide who donated more than $5,000 to the charity during a given

10  tax year.[8]

11       21.    Once filed, a nonprofit's federal tax return must be "made available to

12  the public," except for the "name or address of any contributor" to the organization.

13  26 U.S.C. § 6104(b), (d)(3)(A).  Form 990s are thus public, whereas Schedule Bs

14  listing donor names and addresses are not.  Indeed, unauthorized disclosure of

15  Schedule B can result in civil or criminal penalties.  26 U.S.C. §§ 7213, 7431.

16       22.    State officials who administer state laws regulating charities can—like

17  any member of the public—obtain a charity's Form 990.  The Tax Code further

18  provides that state regulators of charities can obtain from the IRS the *nonpublic* tax

19  returns (including a Schedule B) of *certain* nonprofits, but *not* of 501(c)(3)

20  organizations.  § 6104(c)(3).

21

22

23      [7]  *See* IRS Form 990, *available at* http://www.irs.gov/ pub/irs-pdf/f990.pdf.
    [8]  *See* IRS Schedule B to Form 990, *available at* http://www.irs.gov/pub/irs-pdf/f990ezb.pdf.

24

– 7 –
**COMPLAINT**

23.     California regulates charitable organizations.  Along with three other States (Illinois, Michigan, and Oregon), California has adopted the Uniform Supervision of Trustees for Charitable Purposes Act ("Charity Act").  Cal. Gov. Code §§ 12580–12599.8.

24.     The Charity Act requires charities to register with the State, § 12585, and to file "periodic reports," the "contents" of which are set by "rules and regulations" promulgated by the Attorney General, § 12586(b).  The reports are "open to public inspection," unless exempted by "rules and regulations adopted by the Attorney General."  § 12590.

25.     According to the Attorney General's regulations, *see* Cal. Code Regs., tit. 11, §§ 300–312.1, a charity must annually file a periodic report that includes its "Form 990."  § 301.  The regulations say nothing, however, about filing Schedule B. What the regulations are clear about is that an organization's periodic reports will be publicly available:  "the reports filed with the Attorney General . . . shall be open to public inspection."  § 310.  Thus, every periodic report the Foundation files is, as a matter of California law as it exists today, open to the public.

26.     In 2000, the IRS created Schedule B.  Every year since then, from 2001 to the present, the Foundation has filed its Form 990 as part of its periodic report, without going so far as to include the names and addresses of the donors on its Schedule B.  For each year from 2001 through 2010, the Attorney General "[a]ccepted" the Foundation's registration renewal and listed the Foundation as an active charity in compliance with the law.  Attached as Exhibit A is a screenshot of the website of California's Registry of Charitable Trusts showing the Foundation's registration history since 2001.

27.     Recently, without notice or comment, the Attorney General changed course.  In a letter dated March 7, 2013, the Attorney General declared the Foundation's 2011 report "**incomplete** because the copy of Schedule B . . . does not include the names and addresses of contributors."  Attached as Exhibit B is a copy of this letter.  On information and belief, the Attorney General issued this letter pursuant to a new but unannounced policy she adopted requiring all charities in California to file their Schedule B with California.

28.     In a letter dated December 17, 2013, the Attorney General deemed the Foundation's 2012 report "**incomplete**" for the same reason.  Attached as Exhibit C is a copy of this letter.

29.     On April 17 and May 19, 2014, the Attorney General sent additional letters  to the Foundation repeating the statement that the Foundation's 2011 and 2012 reports are "**incomplete**" because "the **copy of Schedule B** . . . **does not include the names and addresses of contributors**."  Attached as Exhibit D is a copy of the letter dated April 17, 2014, and attached as Exhibit E is a copy of the letter dated May 19, 2014 (emphasis in letter dated May 19, 2014).

30.     Meanwhile, another organization that received a similar demand sued to challenge the Attorney General's authority to mandate disclosure of a Schedule B from a 501(c)(3) organization.  *Center for Competitive Politics v. Harris*, No. 2:14-cv-00636-MCE-DAD (E.D. Cal.).  That case is currently before the Ninth Circuit on appeal from the denial of a preliminary injunction.  No. 14-15978 (9th Cir.).

31.     On June 17, 2014, the Foundation urged the Attorney General to postpone her demands for its Schedule B until *Center for Competitive Politics* has been finally resolved.  Attached as Exhibit F is a copy of this letter.

32.     By letter dated June 25, 2014, the Attorney General denied the postponement request.  Attached as Exhibit G is a copy of this letter.

33.     On October 29, 2014, the Attorney General sent a new letter adding the threat of imminent penalty.  If the Foundation did not submit its Schedule B for 2011 and 2012 "**within thirty (30) days of the date of this letter**," the Attorney General stated she would (1) notify the California Franchise Tax Board "to disallow the tax exemption of the [Foundation]"; (2) impose late fees on the Foundation's "directors, trustees, officers, and return preparers responsible for failure to timely file the [Schedule B]," with these individuals "**personally liable**" for the fees; and (3) "**suspend the registration**" of the Foundation.  Attached as Exhibit H is a copy of this letter.

34.     On December 1, 2014, counsel for the Foundation called and emailed the Attorney General's office in an effort to resolve this dispute amicably.  The email asked the Attorney General to withdraw her demand and avoid the need for litigation.  Alternatively, the email asked the Attorney General to postpone any penalties for noncompliance with her demand to avoid the need for the Foundation to seek a temporary restraining order.  Attached as Exhibit I is a copy of this email.

35.     The Attorney General's Office responded that it was considering the Foundation's proposal and hoped to have a decision "in the next couple of weeks." In the meantime, the Office agreed to "temporarily postpone" the issuance of penalties that the Foundation faced for not submitting its Schedule B.  Attached as Exhibit J is a copy of the response from the Attorney General's Office.

36.     On December 4, 2014, counsel for the Foundation wrote back to the Attorney General's Office to thank it for the temporary relief that appeared to

EXHIBIT A
Page 15

obviate the need for a temporary restraining order.  But counsel also noted that the Foundation and its employees, officers, directors, and donors still faced severe and irreparable harm, including the loss of First Amendment liberties, when the "temporary" relief expired and the threatened penalties could be imposed.  Absent a decision by the Attorney General's Office to permanently withdraw its request for the Foundation's Schedule B, the Foundation would be compelled to file a lawsuit and seek a preliminary injunction to remove this threat and vindicate its rights. Attached as Exhibit K is a copy of this correspondence.

37.     To date, the Foundation has received no additional response from the Attorney General's Office.  The Foundation then filed this lawsuit.

## Count I – First Amendment

38.     The Foundation repeats, re-alleges, and incorporates the allegations in paragraphs 1–37.

39.     The First Amendment to the United States Constitution applies to California by virtue of the Fourteenth Amendment.

40.     The First Amendment creates a "right to associate for the purpose of speaking." *Rumsfeld v. FAIR*, 547 U.S. 47, 68 (2006).

41.     To vindicate this right, the Supreme Court has "held laws unconstitutional that require disclosure of membership lists for groups seeking anonymity." *Id.* at 69.  Such laws "ma[k]e group membership less attractive" and violate the First Amendment by "affecting the group's ability to express its message." *Id.*

42.     "It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute an effective restraint on freedom of

1   association." *Bates v. Little Rock*, 361 U.S. 516, 523 (1960) (brackets, ellipsis, &

2   citation omitted).

3        43.    Anonymous speech is not only accepted but celebrated within

4   American politics.  As "famously embodied in the Federalist Papers," which were

5   published under the pseudonym "Publius," there is a long and "respected tradition of

6   anonymity in the advocacy of political causes" in this country.  *McIntyre v. Ohio*

7   *Elections Commission*, 514 U.S. 334, 343 & n.6 (1995).  For government to take the

8   opposite approach by "[c]ompell[ing] disclosure of membership in an organization

9   engaged in advocacy of particular beliefs" is akin to it "'requir[ing] that adherents of

10  particular religious faiths or political parties wear identifying arm-bands.'"  *NAACP*

11  *v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958) (quoting *American*

12  *Communications Ass'n v. Douds*, 339 U.S. 382, 402 (1950)).

13       44.    Nor is it any less noxious to compel disclosure of an organization's

14  *donors* than it is to compel disclosure of its *members*:  the Supreme Court has "not

15  drawn fine lines between contributors and members," but has instead "treated them

16  interchangeably."  *Buckley v Valeo*, 424 U.S. 1, 66 (1976).

17       45.    The "loss of First Amendment freedoms, for even minimal amounts of

18  time, unquestionably constitutes irreparable injury."  *Valle Del Sol Inc. v. Whiting*,

19  709 F.3d 808, 828 (9th Cir. 2013) (quoting *Elrod v. Burns*, 427 U.S. 347, 373

20  (1976) (plurality opinion)).

21       46.    The Attorney General's demand, on pain of penalty, for the disclosure

22  of the names and addresses of the Foundation's contributors infringes the rights to

23  freedom of speech and freedom of association of the Foundation and its supporters,

24  which rights are secured by the First and Fourteenth Amendments, in violation of 42

EXHIBIT A
Page 17

U.S.C. § 1983.  The Attorney General's demand for a charity's donor information on Schedule B is unconstitutional both on its face and as applied to the Foundation.

47.    The Attorney General's demand gives the Foundation two choices. Either it must disclose its donor list, which will chill the protected speech of its donors.  Or else it must bear the penalties of noncompliance with California's demand, which the Attorney General warns will result in fines against the Foundation's officers and directors, as well as forfeiture of the Foundation's charitable registration and state tax exemption.  "[F]und-raising for charitable organizations is fully protected speech." *Gaudiya Vaishnava Society v. City & County of San Francisco*, 952 F.2d 1059, 1063 (9th Cir. 1990); *accord Riley v. National Federation of the Blind of North Carolina, Inc.*, 487 U.S. 781, 789 (1988); *Village of Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620, 632 (1980).  Levying fines on the Foundation's employees and taking away its license to solicit charitable donations will therefore chill the Foundation's protected speech. *Secretary of State of Maryland v. Joseph H. Munson Co.*, 467 U.S. 947, 969 (1984). So whichever way the Foundation goes with this Hobson's choice, it stands to lose First Amendment freedoms—and thus suffer irreparable injury—unless this Court issues injunctive relief.

### Count II – Federal Preemption

48.    The Foundation repeats, re-alleges, and incorporates the allegations in paragraphs 1–47.

49.    A federal statute bars a state official from demanding that a 501(c)(3) organization disclose a copy of its Schedule B containing the names and addresses of the organization's donors. 26 U.S.C. § 6104.

50.     The Attorney General's demand, on pain of penalty, for the disclosure of the Foundation's Schedule B that contains the names and addresses of the Foundation's contributors conflicts with federal law and is therefore preempted by the Supremacy Clause of the U.S. Constitution.

51.     The Foundation will be irreparably harmed if it is compelled to choose between incurring sanctions or revealing the names and addresses of its donors in order to comply with a demand of the Attorney General of California that violates federal law.

**Prayer for Relief**

Wherefore, the Foundation requests judgment be entered in its favor and against the Attorney General as follows:

1.     An order preliminarily enjoining the Attorney General from demanding the Foundation's Schedule B that contains its donor information or from taking any action to implement or enforce her demand for the Foundation's Schedule B.

2.     An order permanently enjoining the Attorney General from demanding the Foundation's Schedule B that contains its donor information or from taking any action to implement or enforce her demand for the Foundation's Schedule B.

3.     A declaration that the Attorney General's demand for a copy of the Foundation's Schedule B containing the names and addresses of the Foundation's donors violates the First and Fourteenth Amendments both on its face and as applied to the Foundation, and is therefore null and void.

4.     A declaration that the Attorney General's demand for a copy of the Foundation's Schedule B containing the names and addresses of the Foundation's donors is preempted under the Supremacy Clause, and is therefore null and void.

– 14 –
COMPLAINT

5. An award to the Foundation of its reasonable attorneys' fees and costs.

6. A grant to the Foundation of such additional or different relief as the Court deems just and proper.

Dated: December 9, 2014                    Respectfully submitted,

                                           QUINN EMANUEL URQUHART &
                                           SULLIVAN LLP

                                           By

                                           _____
                                           Harold Barza

                                           *Attorneys for Plaintiff*
                                           *Americans for Prosperity Foundation*

# Exhibit A

Home    About the AG    In the News    Careers    Services & Information    Programs A - Z    Contact Us

Below is the detailed data for the registrant you selected.
You may CLOSE this window to return to the Search Results and choose another registrant.

### Registrant Information

| | | | |
|---|---|---|---|
| **Full Name:** | AMERICANS FOR PROSPERITY FOUNDATION | **FEIN:** | 521527294 |
| **Type:** | agency1prof0ownershipType-999 | **Corporate or Organization Number:** | 2329560 |

| | | | |
|---|---|---|---|
| **Registration Number:** | 116822 | | |
| **Record Type:** | Charity | **Registration Type:** | Charity Registration |
| **Issue Date:** | 12/31/2004 | **Renewal Due Date:** | 5/15/2014 |
| **Registration Status:** | Delinquent | **Date This Status:** | 6/25/2014 |
| **Date of Last Renewal:** | 12/17/2013 | | |

### Address Information

| | | | |
|---|---|---|---|
| **Address Line 1:** | 1726 M STREET NW | | **Phone:** |
| **Address Line 2:** | | | |
| **Address Line 3:** | | | |
| **Address Line 4:** | WASHINGTON DC 20036 | | |

### Annual Renewal Information

| | |
|---|---|
| **Fiscal Begin:** | 01-JAN-01 |
| **Fiscal End:** | 31-DEC-01 |
| **Total Assets:** | $1,248,366.00 |
| **Gross Annual Revenue:** | $4,385,842.00 |
| **RRF Received:** | 27-SEP-02 |
| **Returned Date:** | |
| **990 Attached:** | Y |
| **Status:** | Accepted |
| **Fiscal Begin:** | 01-JAN-02 |
| **Fiscal End:** | 31-DEC-02 |
| **Total Assets:** | $5,303,431.00 |
| **Gross Annual Revenue:** | $3,913,400.00 |
| **RRF Received:** | 15-JUL-03 |
| **Returned Date:** | |
| **990 Attached:** | Y |
| **Status:** | Accepted |
| **Fiscal Begin:** | 01-JAN-03 |
| **Fiscal End:** | 31-DEC-03 |
| **Total Assets:** | $5,303,431.00 |
| **Gross Annual Revenue:** | $3,913,400.00 |
| **RRF Received:** | 13-OCT-04 |
| **Returned Date:** | |
| **990 Attached:** | Y |
| **Status:** | Accepted |
| **Fiscal Begin:** | 01-JAN-04 |
| **Fiscal End:** | 31-DEC-04 |
| **Total Assets:** | $2,927,975.00 |

| | |
|---|---|
| **Gross Annual Revenue:** | $1,101,864.00 |
| **RRF Received:** | 06-DEC-05 |
| **Returned Date:** | |
| **990 Attached:** | Y |
| **Status:** | Accepted |
| **Fiscal Begin:** | 01-JAN-05 |
| **Fiscal End:** | 31-DEC-05 |
| **Total Assets:** | $2,520,661.00 |
| **Gross Annual Revenue:** | $3,759,807.00 |
| **RRF Received:** | 10-APR-08 |
| **Returned Date:** | |
| **990 Attached:** | Y |
| **Status:** | Accepted |
| **Fiscal Begin:** | 01-JAN-06 |
| **Fiscal End:** | 31-DEC-06 |
| **Total Assets:** | $1,573,000.00 |
| **Gross Annual Revenue:** | $4,282,637.00 |
| **RRF Received:** | 10-APR-08 |
| **Returned Date:** | |
| **990 Attached:** | Y |
| **Status:** | Accepted |
| **Fiscal Begin:** | 01-JAN-07 |
| **Fiscal End:** | 31-DEC-07 |
| **Total Assets:** | $507,373.00 |
| **Gross Annual Revenue:** | $5,695,801.00 |
| **RRF Received:** | 10-SEP-08 |
| **Returned Date:** | |
| **990 Attached:** | Y |
| **Status:** | Accepted |
| **Fiscal Begin:** | 01-JAN-08 |
| **Fiscal End:** | 31-DEC-08 |
| **Total Assets:** | $766,092.00 |
| **Gross Annual Revenue:** | $7,470,027.00 |
| **RRF Received:** | 16-SEP-09 |
| **Returned Date:** | |
| **990 Attached:** | Y |
| **Status:** | Accepted |
| **Fiscal Begin:** | 01-JAN-09 |
| **Fiscal End:** | 31-DEC-09 |
| **Total Assets:** | $788,898.00 |
| **Gross Annual Revenue:** | $10,538,741.00 |
| **RRF Received:** | 16-AUG-10 |
| **Returned Date:** | |
| **990 Attached:** | Y |
| **Status:** | Accepted |
| **Fiscal Begin:** | 01-JAN-10 |
| **Fiscal End:** | 31-DEC-10 |
| **Total Assets:** | $2,875,479.00 |
| **Gross Annual Revenue:** | $17,461,125.00 |
| **RRF Received:** | 12-AUG-11 |
| **Returned Date:** | |
| **990 Attached:** | Y |
| **Status:** | Accepted |

| | |
|---|---|
| **Fiscal Begin:** | 01-JAN-11 |
| **Fiscal End:** | 31-DEC-11 |
| **Total Assets:** | $14,129,009.00 |
| **Gross Annual Revenue:** | $25,176,714.00 |
| **RRF Received:** | 16-NOV-12 |
| **Returned Date:** | |
| **990 Attached:** | N |
| **Status:** | Incomplete |
| **Fiscal Begin:** | 01-JAN-12 |
| **Fiscal End:** | 31-DEC-12 |
| **Total Assets:** | $11,822,279.00 |
| **Gross Annual Revenue:** | $24,029,062.00 |
| **RRF Received:** | 18-NOV-13 |
| **Returned Date:** | |
| **990 Attached:** | N |
| **Status:** | Incomplete |
| **Fiscal Begin:** | 01-JAN-13 |
| **Fiscal End:** | 31-DEC-13 |
| **Total Assets:** | $8,012,392.00 |
| **Gross Annual Revenue:** | $13,310,464.00 |
| **RRF Received:** | 23-OCT-14 |
| **Returned Date:** | |
| **990 Attached:** | Y |
| **Status:** | Incomplete |

| Related Documents | |
|---|---|
| Miscellaneous Documents | Miscellaneous Documents |
| Founding Documents | Founding Documents |
| RRF-1 2007 | RRF-1 2007 |
| RRF-1 2006 | RRF-1 2006 |
| RRF-1 2005 | RRF-1 2005 |
| RRF-1 2004 | RRF-1 2004 |
| RRF-1 2003 | RRF-1 2003 |
| RRF-1 2002 | RRF-1 2002 |
| RRF-1 2001 | RRF-1 2001 |
| Miscellaneous Documents | Miscellaneous Documents |
| Miscellaneous Documents | Miscellaneous Documents |
| RRF-1 2008 | RRF-1 2008 |
| IRS Form 990 2008 | IRS Form 990 2008 |
| Founding Documents | Founding Documents |
| Miscellaneous Document | Miscellaneous Document |
| RRF-1 2011 | RRF-1 2011 |
| IRS Form 990 2011 | IRS Form 990 2011 |
| RRF-1 2008 | RRF-1 2008 |
| IRS Form 990 2008 | IRS Form 990 2008 |
| Miscellaneous Documents | Miscellaneous Documents |
| RRF-1 2010 | RRF-1 2010 |

**Exhibit A**
**Page 19**

EXHIBIT A
Page 24

| IRS Form 990 2010 | IRS Form 990 2010 |
|---|---|
| Miscellaneous Document 2011 | Miscellaneous Document 2011 |
| Miscellaneous Documents | Miscellaneous Documents |
| RRF-1 2009 | RRF-1 2009 |
| IRS Form 990 2009 | IRS Form 990 2009 |
| Founding Documents | Founding Documents |
| 116822399514 | 2nd Notice Incomplete Fililng 2011, 2012 |
| 11682286805239958 | Miscellaneous Document 2012 |
| 00000155 | 1st Delinquency Letter |
| 1168224584943 | 3rd Notice Incomplete Filing 2011, 2012 |

| Prerequisite Information | | | | | |
|---|---|---|---|---|---|
| **Prereq Type:** | Prerequisite | **Relationship:** | Charity | | |
| **Registrant:** | GMA, INC. | | | | |
| **Registration No:** | E0007285 | **Registration Type:** | Fundraising Event | **Registration Status:** | Complete |
| **Date Established:** | 3/12/2010 | **Association Date:** | 2/26/2010 | **Expiration Date:** | 2/26/2011 |
| **Prereq Type:** | Prerequisite | **Relationship:** | Charity | | |
| **Registrant:** | WARFIELD & WALSH, INC. | | | | |
| **Registration No:** | 811-162 | **Registration Type:** | Fundraising Event | **Registration Status:** | Complete |
| **Date Established:** | | **Association Date:** | | **Expiration Date:** | |
| **Prereq Type:** | Prerequisite | **Relationship:** | Charity | | |
| **Registrant:** | WARFIELD & WALSH, INC. | | | | |
| **Registration No:** | 811-163 | **Registration Type:** | Fundraising Event | **Registration Status:** | Complete |
| **Date Established:** | | **Association Date:** | | **Expiration Date:** | |

**Exhibit A**
**Page 20**

EXHIBIT A
Page 25

# Exhibit B

**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I Street
P. O. Box 903447
Sacramento, CA   94203-4470
Telephone: (916) 445-2021
Fax: (916) 444-3651
E-Mail Address:RCT @doj.ca.gov

March 7, 2013

AMERICANS FOR PROSPERITY FOUNDATION                CT FILE NUMBER:   116822
2111 WILSON BOULEVARD, SUITE 350
ARLINGTON VA 22201-3001

RE:  <u>IRS Form 990, Schedule B, Schedule of Contributors</u>

     We have received the IRS Form 990, 990-EZ or 990-PF submitted by the above-named
organization for filing with the Registry of Charitable Trusts (Registry) for the fiscal year ending
12/31/2011.   **The filing is incomplete** because the copy of Schedule B, Schedule of Contributors, does
not include the names and addresses of contributors.

     The copy of the IRS Form 990, 990-EZ or 990-PF, including all attachments, filed with the
Registry must be identical to the document filed by the organization with the Internal Revenue Service.
The Registry retains Schedule B as a confidential record for IRS Form 990 and 990-EZ filers.

Within 30 days of the date of this letter, please submit a **<u>complete</u>** copy of Schedule B, Schedule of
Contributors, for the fiscal year noted above, as filed with the Internal Revenue Service.   Please address
all correspondence to the undersigned.

               Sincerely,

               Office Technician
               Registry of Charitable Trusts

For          KAMALA D. HARRIS
              Attorney General

# Exhibit C

Exhibit C
Page 23

EXHIBIT A
Page 28

**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I Street
P. O. Box 903447
Sacramento, CA  94203-4470
Telephone: (916) 445-2021
Fax: (916) 444-3651
E-Mail Address:RCT @doj.ca.gov

December 17, 2013

AMERICANS FOR PROSPERITY FOUNDATION                 CT FILE NUMBER:   116822
2111 WILSON BOULEVARD, SUITE 350
ARLINGTON VA 22201-3001

RE:  <u>IRS Form 990, Schedule B, Schedule of Contributors</u>

     We have received the IRS Form 990, 990-EZ or 990-PF submitted by the above-named organization for filing with the Registry of Charitable Trusts (Registry) for the fiscal year ending 12/31/2012 and 12/31/2011.   **The filing is incomplete**because the copy of Schedule B, Schedule of Contributors, does not include the names and addresses of contributors.  /

     The copy of the IRS Form 990, 990-EZ or 990-PF, including all attachments, filed with the Registry must be identical to the document filed by the organization with the Internal Revenue Service. The Registry retains Schedule B as a confidential record for IRS Form 990 and 990-EZ filers.

Within 30 days of the date of this letter, please submit a **complete** copy of Schedule B, Schedule of Contributors, for the fiscal year noted above, as filed with the Internal Revenue Service.   Please address all correspondence to the undersigned.

     Sincerely,

     Office Technician
     Registry of Charitable Trusts

For      KAMALA D. HARRIS
     Attorney General

/

Doc CT-547A Schedule of Contributors

# Exhibit D

**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I Street
P. O. Box 903447
Sacramento, CA   94203-4470
Telephone: (916) 445-2021
Fax: (916) 444-3651
E-Mail Address:RCT @doj.ca.gov

April 17, 2014

AMERICANS FOR PROSPERITY FOUNDATION                    CT FILE NUMBER:   116822
2111 WILSON BOULEVARD, SUITE 350
ARLINGTON VA 22201-3001

RE:  <u>IRS Form 990, Schedule B, Schedule of Contributors</u>

    We have received the IRS Form 990, 990-EZ or 990-PF submitted by the above-named organization for filing with the Registry of Charitable Trusts (Registry) for the fiscal year ending **12/31/2011** and **12/31/2012**.   **The filing is incomplete** because the copy of Schedule B, Schedule of Contributors, was not included.

    The copy of the IRS Form 990, 990-EZ or 990-PF, including all attachments, filed with the Registry must be identical to the document filed by the organization with the Internal Revenue Service. The Registry retains Schedule B as a confidential record for IRS Form 990 and 990-EZ filers.

Within 30 days of the date of this letter, please submit a **<u>complete</u>** copy of Schedule B, Schedule of Contributors, for the fiscal year noted above, as filed with the Internal Revenue Service.   Please address all correspondence to the undersigned.

Sincerely,

Susan - Office Technician
Registry of Charitable Trusts

For         KAMALA D. HARRIS
Attorney General

Exhibit E

**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I Street
P. O. Box 903447
Sacramento, CA  94203-4470
Telephone: (916) 445-2021
Fax: (916) 444-3651
E-Mail Address:RCT @doj.ca.gov

May 19, 2014

AMERICANS FOR PROSPERITY FOUNDATION              CT FILE NUMBER:   116822
2111 WILSON BOULEVARD, SUITE 350
ARLINGTON VA 22201-3001

RE:  <u>IRS Form 990, Schedule B, Schedule of Contributors</u>

     We have received the IRS Form 990, 990-EZ or 990-PF submitted by the above-named organization for filing with the Registry of Charitable Trusts (Registry) for the fiscal year ending **12/31/11** and **12/31/12**.   The filing is **incomplete** because the **copy of Schedule B**, Schedule of Contributors, **does not include the names and addresses of contributors**.   Please send **only the Schedule B** and not the 990. We have received the 990 for the years ending 12/31/11 and 12/31/12.

     The copy of the IRS Form 990, 990-EZ or 990-PF, including all attachments, filed with the Registry must be identical to the document filed by the organization with the Internal Revenue Service. The Registry retains Schedule B as a confidential record for IRS Form 990 and 990-EZ filers.

Within 30 days of the date of this letter, please submit a **complete** copy of Schedule B, Schedule of Contributors, for the fiscal year noted above, as filed with the Internal Revenue Service.   Please address all correspondence to the undersigned.

Sincerely,

Susan - Office Technician
Registry of Charitable Trusts

For        KAMALA D. HARRIS
Attorney General

Doc CT-547A Schedule of Contributors

# Exhibit F



### AMERICANS FOR PROSPERITY
#### — FOUNDATION —

2111 Wilson Blvd., Suite 350 | Arlington, VA 22201 | p: (866) 730-0150 f: (703) 224-3201

Susan – Office Technician
Registry of Charitable Trusts
California Department of Justice
1300 "I" Street
Sacramento, CA 94203

June 17, 2014

RE:  CT File Number 116822

Dear Susan:

We are in receipt of your letter dated May 19, 2014, requesting an unredacted copy of IRS Form 990 Schedule B, Schedule of Contributors, for the fiscal years ending December 31, 2011, and December 31, 2012.  We are also aware of a pending appeal in the Ninth Circuit Court of Appeals in *Center for Competitive Politics v. Kamala Harris*, No. 2:14-cv-006360-MCE-DAD (E.D. Cal. 2014) (Court of Appeals Docket # 14-15978), as well as an order staying district court proceedings in that matter pending the resolution of the appeal (Order Staying Dist. Ct. Proceedings May 28, 2014).  At issue in that matter is whether the Attorney General can require a non-profit 501(c)(3) corporation to submit an unredacted copy of its Schedule B as a condition of soliciting funds in California.

Given the essentially identical nature of your present request to our organization and the issue awaiting resolution before the Ninth Circuit Court, and noting also the order staying further district court proceedings pending the resolution of the appeal, we believe the most prudent course of action is to postpone any decision regarding additional submissions to your office until the final disposition of the appeal and related stay order.  Please contact me in writing at the letterhead address if you have any questions concerning this matter.

Sincerely,

Victor E. Bernson, Jr.
General Counsel

# Exhibit G



**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013

Public: (213) 897-2000
Telephone: (213) 897-0218
Facsimile: (213) 897-7605
E-Mail: tania.ibanez@doj.ca.gov

June 25, 2014

Victor E. Bernson, Jr.
Americans for Prosperity Foundation
2111 Wilson Blvd., Suite 350
Arlington, VA 22201

RE:   CT File Number 116822

Dear Mr. Bernson:

Your letter dated June 17, 2014, sent to the Registry of Charitable Trusts, was directed to my attention. In your letter you observe that because of the pending appeal in *Center for Competitive Politics v. Kamala Harris* (Case No 2:14-cv-00636-MCE-DAD (E.D. Cal. 2014), and the order staying the district court proceedings pending the resolution of appeal, you propose postponing the filing of your client's schedule B until the final disposition of the appeal.

In the case you cite, the District Court denied the Motion for Preliminary Injunction filed by the Center for Competitive Politics, and found instead, compelling State interests supported by legitimate law enforcement purposes that justify California's requirement of filing the Schedule B. Moreover, the stay in the District Court relates only to the litigation between the parties. The District Court did not stay the Attorney General's enforcement powers. We, therefore, request that you comply with our May 19, 2014 letter that requests an unredacted copy of your client's IRS Form 990 Schedule B for fiscal years ending December 31, 2011, and December 31, 2012.

We understand your organizations' concerns regarding the inadvertent disclosure of the identity of donors. The Registry has, however, since its inception, maintained the Schedule B filed by public charities as a confidential document. All confidential documents are routinely maintained in separate files that are not available for public viewing. Those "files" are now electronic records, as Registry staff scans all filings, with the exception of confidential documents, into the public interface of the Registry's automated database. Registry staff goes through each filing prior to scanning to assure that all confidential information and documents have been removed; they are then scanned into the backend Registry database. The Registry also receives, pursuant to the Fed/State Retrieval System, all Schedule B's electronically filed with IRS. They are transmitted separately and uploaded into our backend system as confidential documents.

June 25, 2014
Page 2

    Also, if a Public Records Act request is made for an organization's filings, only the "public file" is made available for review.  We do not produce confidential information and documents, and we routinely raise statutory exemptions and privileges, such as Government Code section 6254, subdivision (k), and the Official Information Privilege (Evid. Code, § 1040), to protect all confidential documents in our possession.

    Your client may submit Schedule B as a separate mailing to the Registry, or mark Schedule B with a confidential cover sheet.  Your client can also view its filings on our website for the purpose of assuring itself that no confidential information has been uploaded to the public website.

    Your client also has the option of withdrawing its current registration, and waiting for the Court of Appeal to make its final decision.  However, if your client wishes to remain registered and in good standing in California, then it must file the schedule B with the Registry of Charitable Trusts.

                         Sincerely,


                         TANIA M. IBANEZ
                         Senior Assistant Attorney General

        For    KAMALA D. HARRIS
               Attorney General

TMI:so
Cc: Registry of Charitable Trusts

LA2012401171

Exhibit H

**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I Street
P. O. Box 903447
Sacramento, CA  94203-4470
Telephone: (916) 445-2021 Ext 6
Fax: (916) 444-3651
E-Mail Address: Delinquency@doj.ca.gov

October 29, 2014

AMERICANS FOR PROSPERITY FOUNDATION
2111 WILSON BOULEVARD, SUITE 350
ARLINGTON VA  22201-3001

CT FILE NUMBER:   116822

RE:          **WARNING OF ASSESSMENT OF PENALTIES AND LATE FEES,
             AND SUSPENSION OR REVOCATION OF REGISTERED STATUS**

The  Registry of Charitable has not received the Schedule Bs as previously requested in our letter dated
**June 25, 2014,** (copy enclosed) for the captioned organization.  Pursuant to that letter, the following
required filings are considered delinquent.

1.  The IRS Form 990, 990-EZ or 990-PF submitted for the fiscal year ending **12/31/11 and 12/31/12**
    does not contain the copy of Schedule B, Schedule of Contributors, as required.  The copy of the IRS
    Form 990, 990-EZ or 990-PF, including all attachments, filed with the Registry must be identical to
    the document filed by the organization with the Internal Revenue Service.  The Registry retains
    Schedule B as a confidential record for IRS Form 990 and 990-EZ filers.

    **\*NOTE:** *The Schedule B for the year ending **12/31/13** was not included with the 990 submitted.  Please
    submit the Schedule B along with the items above.*

         Failure to timely file required reports violates Government Code section 12586.

**Unless the above-described report(s) are filed with the Registry of Charitable Trusts within thirty
(30) days of the date of this letter, the following will occur:**

1.     The California Franchise Tax Board will be notified to disallow the tax exemption of the above-
       named entity.  The Franchise Tax Board may revoke the organization's tax exempt status at
       which point the organization will be treated as a taxable corporation (See Revenue and Taxation
       Code section 23703) and may be subject to the minimum tax penalty.

2.     Late fees will be imposed by the Registry of Charitable Trusts for each month or partial month
       for which the report(s) are delinquent.  Directors, trustees, officers and return preparers
       responsible for failure to timely file these reports are **also personally liable** for payment of all
       late fees.

CT-451 Warning of Impending Tax Assessment Notification

EXHIBIT A
Page 40

**Exhibit H
Page 35**

**PLEASE NOTE:**  Charitable assets **cannot** be used to pay these avoidable costs. Accordingly, directors, trustees, officers and return preparers responsible for failure to timely file the above-described report(s) are **personally liable** for payment of all penalties, interest and other costs incurred to restore exempt status.

3.     In accordance with the provisions of Government Code section 12598, subdivision (e), the Attorney General **will suspend the registration** of the above-named entity.

If you believe the above described report(s) were timely filed, they were not received by the Registry and another copy must be filed within thirty (30) days of the date of this letter.  In addition, if the address of the above-named entity differs from that shown above, the current address must be provided to the Registry prior to or at the time the past-due reports are filed.

In order to avoid the above-described actions, please send all delinquent reports to the address set forth above, within thirty (30) days of the date of this letter.

Thank you for your attention to this correspondence.

Sincerely,

*Registry of Charitable Trusts*

For          KAMALA D. HARRIS
             Attorney General

Detailed instructions and forms for filing can be found on our website at http://ag.ca.gov/charities.

# Exhibit I

| | |
|---|---|
| **From:** | Harold Barza |
| **Sent:** | Monday, December 01, 2014 11:47 AM |
| **To:** | James.Toma@doj.ca.gov |
| **Cc:** | tania.ibanez@doj.ca.gov; Derek Shaffer; Jonathan Cooper; William Burck; Carolyn Thomas |
| **Subject:** | Americans for Prosperity Foundation - Your Demand for Schedule B |
| **Attachments:** | Americans for Prosperity Foundation - Your Demand for Schedule B |

Dear Mr. Toma,

I am enclosing an email that I sent earlier today to your colleague, Ms. Ibanez.  When I called her to follow up on this email, I was connected to a voicemail message saying to contact you in her absence.

I am therefore forwarding to you the email I had sent her and its attachments.

Please let me know if you are available to discuss this matter.


Sincerely yours,


Hal Barza

| | |
|---|---|
| **From:** | Harold Barza |
| **Sent:** | Monday, December 01, 2014 10:50 AM |
| **To:** | 'tania.ibanez@doj.ca.gov' |
| **Cc:** | Derek Shaffer; Jonathan Cooper; William Burck; Carolyn Thomas |
| **Subject:** | Americans for Prosperity Foundation - Your Demand for Schedule B |
| **Attachments:** | 2014.06.17 Postponement Request.pdf; 2014.06.25 Postponement Denial.pdf; 2014.10.29 CA Warning Letter.pdf |

Dear Ms. Ibanez:

I am an attorney at Quinn Emanuel Urquhart & Sullivan, LLP. My firm has been retained by Americans for Prosperity Foundation in connection with the recent demand of the California Attorney General that the Foundation disclose to the State the names and addresses of its donors listed on a federal tax form called Schedule B. As we explain in more detail below, our client is prepared to commence litigation in the next twenty-four hours unless the Attorney General immediately withdraws her demand.

After receiving the Attorney General's demand, the Foundation wrote to the Attorney General on June 17 of this year to request postponement of any decision regarding the submission of Schedule B until the final resolution of a pending lawsuit by another organization, the Center for Competitive Politics, that challenges the authority of the Attorney General to demand disclosure of an organization's Schedule B. On June 25, you replied on behalf of the Attorney General that she would not agree to the postponement. Copies of this correspondence are attached to this email.

On October 29, the Attorney General sent a new letter to the Foundation reiterating her demand for the Foundation's Schedule B and threatening to impose penalties on the Foundation if it did not comply within 30 days. A copy of that letter is also attached to this email.

The Attorney General's demand violates the well-established First Amendment right of an organization to protect the identities of its donors from compelled disclosure by the government. *E.g.*, *Brown v. Socialist Workers '74 Campaign Committee (Ohio)*, 459 U.S. 87 (1982); *Gibson v. Florida Legislative Investigation Committee*, 372 U.S. 539 (1963); *Bates v. Little Rock*, 361 U.S. 516 (1960); *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958). The Attorney General's demand is also preempted by federal law, which prohibits the disclosure of Schedule B to state officials except in limited circumstances not applicable here. *See* 26 U.S.C. § 6104.

Because the Attorney General's demand is unlawful, the Foundation is prepared to file a lawsuit in the next twenty-four hours to enjoin the Attorney General. Furthermore, because the penalties she has threatened for noncompliance are imminent, the Foundation is prepared to apply today for a temporary restraining order against the Attorney General.

The Foundation would, however, prefer to resolve this dispute amicably. The Foundation thus respectfully requests that the Attorney General withdraw her demand for the Foundation's Schedule B. If the Attorney General is willing to do so, then the Foundation will not file its lawsuit. Alternatively, if the Attorney General will agree to postpone any penalties for noncompliance with her demand, then the Foundation will agree not to seek a temporary restraining order as an interim measure while briefing and argument proceed on its request for a preliminary injunction.

I would be happy to discuss this matter with you. I will try reaching you by phone shortly. In addition, I can be reached at (213) 443-3211 or halbarza@quinnemanuel.com. You can also contact my colleagues Bill Burck at williamburck@quinnemanul.com and Derek Shaffer at derekshaffer@quinnemanuel.com.

If we cannot resolve this promptly as set out above, then to protect our client from the imminent penalties threatened by the Attorney General, we will be forced to commence litigation and apply for a temporary restraining order.

Sincerely,

Hal Barza



AMERICANS FOR
**PROSPERITY**
━━━━ FOUNDATION ━━━━

2111 Wilson Blvd., Suite 350 | Arlington, VA 22201 | p: (866) 730-0150 f: (703) 224-3201

Susan – Office Technician
Registry of Charitable Trusts
California Department of Justice
1300 "I" Street
Sacramento, CA 94203

June 17, 2014

RE: CT File Number 116822

Dear Susan:

We are in receipt of your letter dated May 19, 2014, requesting an unredacted copy of IRS Form 990 Schedule B, Schedule of Contributors, for the fiscal years ending December 31, 2011, and December 31, 2012. We are also aware of a pending appeal in the Ninth Circuit Court of Appeals in *Center for Competitive Politics v. Kamala Harris*, No. 2:14-cv-006360-MCE-DAD (E.D. Cal. 2014) (Court of Appeals Docket # 14-15978), as well as an order staying district court proceedings in that matter pending the resolution of the appeal (Order Staying Dist. Ct. Proceedings May 28, 2014). At issue in that matter is whether the Attorney General can require a non-profit 501(c)(3) corporation to submit an unredacted copy of its Schedule B as a condition of soliciting funds in California.

Given the essentially identical nature of your present request to our organization and the issue awaiting resolution before the Ninth Circuit Court, and noting also the order staying further district court proceedings pending the resolution of the appeal, we believe the most prudent course of action is to postpone any decision regarding additional submissions to your office until the final disposition of the appeal and related stay order. Please contact me in writing at the letterhead address if you have any questions concerning this matter.

Sincerely,

Victor E. Bernson, Jr.
General Counsel



*KAMALA D. HARRIS*
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013

Public: (213) 897-2000
Telephone: (213) 897-0218
Facsimile: (213) 897-7605
E-Mail: tania.ibanez@doj.ca.gov

June 25, 2014

Victor E. Bernson, Jr.
Americans for Prosperity Foundation
2111 Wilson Blvd., Suite 350
Arlington, VA 22201

RE:   CT File Number 116822

Dear Mr. Bernson:

Your letter dated June 17, 2014, sent to the Registry of Charitable Trusts, was directed to my attention. In your letter you observe that because of the pending appeal in *Center for Competitive Politics v. Kamala Harris* (Case No 2:14-cv-00636-MCE-DAD (E.D. Cal. 2014), and the order staying the district court proceedings pending the resolution of appeal, you propose postponing the filing of your client's schedule B until the final disposition of the appeal.

In the case you cite, the District Court denied the Motion for Preliminary Injunction filed by the Center for Competitive Politics, and found instead, compelling State interests supported by legitimate law enforcement purposes that justify California's requirement of filing the Schedule B. Moreover, the stay in the District Court relates only to the litigation between the parties. The District Court did not stay the Attorney General's enforcement powers. We, therefore, request that you comply with our May 19, 2014 letter that requests an unredacted copy of your client's IRS Form 990 Schedule B for fiscal years ending December 31, 2011, and December 31, 2012.

We understand your organizations' concerns regarding the inadvertent disclosure of the identity of donors. The Registry has, however, since its inception, maintained the Schedule B filed by public charities as a confidential document. All confidential documents are routinely maintained in separate files that are not available for public viewing. Those "files" are now electronic records, as Registry staff scans all filings, with the exception of confidential documents, into the public interface of the Registry's automated database. Registry staff goes through each filing prior to scanning to assure that all confidential information and documents have been removed; they are then scanned into the backend Registry database. The Registry also receives, pursuant to the Fed/State Retrieval System, all Schedule B's electronically filed with IRS. They are transmitted separately and uploaded into our backend system as confidential documents.

June 25, 2014
Page 2


     Also, if a Public Records Act request is made for an organization's filings, only the "public file" is made available for review.  We do not produce confidential information and documents, and we routinely raise statutory exemptions and privileges, such as Government Code section 6254, subdivision (k), and the Official Information Privilege (Evid. Code, § 1040), to protect all confidential documents in our possession.

     Your client may submit Schedule B as a separate mailing to the Registry, or mark Schedule B with a confidential cover sheet.  Your client can also view its filings on our website for the purpose of assuring itself that no confidential information has been uploaded to the public website.

     Your client also has the option of withdrawing its current registration, and waiting for the Court of Appeal to make its final decision.  However, if your client wishes to remain registered and in good standing in California, then it must file the schedule B with the Registry of Charitable Trusts.


               Sincerely,


               TANIA M. IBANEZ
               Senior Assistant Attorney General

    For    KAMALA D. HARRIS
               Attorney General

TMI:so
Cc: Registry of Charitable Trusts

LA2012401171

**KAMALA D. HARRIS**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

1300 I Street
P. O. Box 903447
Sacramento, CA  94203-4470
Telephone: (916) 445-2021 Ext 6
Fax: (916) 444-3651
E-Mail Address: Delinquency@doj.ca.gov

October 29, 2014

AMERICANS FOR PROSPERITY FOUNDATION
2111 WILSON BOULEVARD, SUITE 350
ARLINGTON VA  22201-3001

CT FILE NUMBER:   116822

RE:        **WARNING OF ASSESSMENT OF PENALTIES AND LATE FEES,**
           **AND SUSPENSION OR REVOCATION OF REGISTERED STATUS**

The  Registry of Charitable has not received the Schedule Bs as previously requested in our letter dated
**June 25, 2014,** (copy enclosed) for the captioned organization.  Pursuant to that letter, the following
required filings are considered delinquent.

1.   The IRS Form 990, 990-EZ or 990-PF submitted for the fiscal year ending **12/31/11 and 12/31/12**
     does not contain the copy of Schedule B, Schedule of Contributors, as required.  The copy of the IRS
     Form 990, 990-EZ or 990-PF, including all attachments, filed with the Registry must be identical to
     the document filed by the organization with the Internal Revenue Service.  The Registry retains
     Schedule B as a confidential record for IRS Form 990 and 990-EZ filers.

**\*NOTE:** *The Schedule B for the year ending **12/31/13** was not included with the 990 submitted.  Please
submit the Schedule B along with the items above.*

        Failure to timely file required reports violates Government Code section 12586.

**Unless the above-described report(s) are filed with the Registry of Charitable Trusts within thirty
(30) days of the date of this letter, the following will occur:**

1.       The California Franchise Tax Board will be notified to disallow the tax exemption of the above-
         named entity.  The Franchise Tax Board may revoke the organization's tax exempt status at
         which point the organization will be treated as a taxable corporation (See Revenue and Taxation
         Code section 23703) and may be subject to the minimum tax penalty.

2.       Late fees will be imposed by the Registry of Charitable Trusts for each month or partial month
         for which the report(s) are delinquent.  Directors, trustees, officers and return preparers
         responsible for failure to timely file these reports are **also personally liable** for payment of all
         late fees.

CT-451 Warning of Impending Tax Assessment Notification

EXHIBIT A
Page 48

**Exhibit I**
**Page 43**

**PLEASE NOTE:** Charitable assets **cannot** be used to pay these avoidable costs. Accordingly, directors, trustees, officers and return preparers responsible for failure to timely file the above-described report(s) are **personally liable** for payment of all penalties, interest and other costs incurred to restore exempt status.

3. In accordance with the provisions of Government Code section 12598, subdivision (e), the Attorney General **will suspend the registration** of the above-named entity.

If you believe the above described report(s) were timely filed, they were not received by the Registry and another copy must be filed within thirty (30) days of the date of this letter. In addition, if the address of the above-named entity differs from that shown above, the current address must be provided to the Registry prior to or at the time the past-due reports are filed.

In order to avoid the above-described actions, please send all delinquent reports to the address set forth above, within thirty (30) days of the date of this letter.

Thank you for your attention to this correspondence.

Sincerely,

*Registry of Charitable Trusts*

For          KAMALA D. HARRIS
             Attorney General

Detailed instructions and forms for filing can be found on our website at http://ag.ca.gov/charities.

# Exhibit J

| From: | Tania Ibanez [Tania.Ibanez@doj.ca.gov] |
|---|---|
| Sent: | Monday, December 01, 2014 5:59 PM |
| To: | Harold Barza |
| Cc: | Derek Shaffer; Jonathan Cooper; William Burck; Carolyn Thomas |
| Subject: | RE: Americans for Prosperity Foundation - Your Demand for Schedule B |

Thanks for your email.  I just got back from vacation and I will need to vet your proposal with upper management.  As such, I am not in a position to withdraw the Registry's demand for your client's delinquent schedule B forms.

However, while a decision is being made by management, I am authorized to temporarily postpone the Registry's issuance of penalties and to also postpone the Registry from listing your client as suspended.   I hope to have an answer for you in the next couple of weeks.

Tania M. Ibanez
Senior Assistant Attorney General
California Attorney General's Office
Charitable Trusts Section
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013
(213) 897-0218



**From:** Harold Barza [mailto:halbarza@quinnemanuel.com]
**Sent:** Monday, December 01, 2014 10:50 AM
**To:** Tania Ibanez
**Cc:** Derek Shaffer; Jonathan Cooper; William Burck; Carolyn Thomas
**Subject:** Americans for Prosperity Foundation - Your Demand for Schedule B

Dear Ms. Ibanez:

I am an attorney at Quinn Emanuel Urquhart & Sullivan, LLP.  My firm has been retained by Americans for Prosperity Foundation in connection with the recent demand of the California Attorney General that the Foundation disclose to the State the names and addresses of its donors listed on a federal tax form called Schedule B.  As we explain in more detail below, our client is prepared to commence litigation in the next twenty-four hours unless the Attorney General immediately withdraws her demand.

After receiving the Attorney General's demand, the Foundation wrote to the Attorney General on June 17 of this year to request postponement of any decision regarding the submission of Schedule B until the final resolution of a pending lawsuit by another organization, the Center for Competitive Politics, that challenges the authority of the Attorney General to demand disclosure of an organization's Schedule B.  On June 25, you replied on behalf of the Attorney General that she would not agree to the postponement.  Copies of this correspondence are attached to this email.

1

On October 29, the Attorney General sent a new letter to the Foundation reiterating her demand for the Foundation's Schedule B and threatening to impose penalties on the Foundation if it did not comply within 30 days. A copy of that letter is also attached to this email.

The Attorney General's demand violates the well-established First Amendment right of an organization to protect the identities of its donors from compelled disclosure by the government. *E.g.*, *Brown v. Socialist Workers '74 Campaign Committee (Ohio)*, 459 U.S. 87 (1982); *Gibson v. Florida Legislative Investigation Committee*, 372 U.S. 539 (1963); *Bates v. Little Rock*, 361 U.S. 516 (1960); *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958). The Attorney General's demand is also preempted by federal law, which prohibits the disclosure of Schedule B to state officials except in limited circumstances not applicable here. *See* 26 U.S.C. § 6104.

Because the Attorney General's demand is unlawful, the Foundation is prepared to file a lawsuit in the next twenty-four hours to enjoin the Attorney General. Furthermore, because the penalties she has threatened for noncompliance are imminent, the Foundation is prepared to apply today for a temporary restraining order against the Attorney General.

The Foundation would, however, prefer to resolve this dispute amicably. The Foundation thus respectfully requests that the Attorney General withdraw her demand for the Foundation's Schedule B. If the Attorney General is willing to do so, then the Foundation will not file its lawsuit. Alternatively, if the Attorney General will agree to postpone any penalties for noncompliance with her demand, then the Foundation will agree not to seek a temporary restraining order as an interim measure while briefing and argument proceed on its request for a preliminary injunction.

I would be happy to discuss this matter with you. I will try reaching you by phone shortly. In addition, I can be reached at (213) 443-3211 or halbarza@quinnemanuel.com. You can also contact my colleagues Bill Burck at williamburck@quinnemanul.com and Derek Shaffer at derekshaffer@quinnemanuel.com.

If we cannot resolve this promptly as set out above, then to protect our client from the imminent penalties threatened by the Attorney General, we will be forced to commence litigation and apply for a temporary restraining order.

Sincerely,

Hal Barza

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

EXHIBIT A
Page 52

**Exhibit J
Page 47**

Exhibit K

| From: | Harold Barza |
|---|---|
| Sent: | Thursday, December 04, 2014 1:17 PM |
| To: | Tania Ibanez |
| Cc: | Derek Shaffer; Jonathan Cooper; William Burck; Carolyn Thomas |
| Subject: | RE: Americans for Prosperity Foundation - Your Demand for Schedule B |

Dear Ms. Ibanez,

Thank you for your email that appears to negate the need for us to proceed by way of a TRO. We appreciate your cooperation in that regard. To avoid any misunderstanding, can you please confirm that the "postponement" referenced in your email below covers any penalty or other adverse consequence--whether fines, suspension of the Foundation's listing on the Registry, disallowance of the Foundation's tax exemption, or other penalty—due to the Foundation's noncompliance with the demand to hand over its Schedule B? Please do confirm that this is the import of your email below.

Although we appreciate your request to take several weeks to reconsider California's position on whether or not it will continue to insist on receiving our client's confidential Schedule B filing that lists its donors and their donations, and whether it will continue to threaten personal liability to the employees, officers and directors of the Foundation if it does not comply with this demand, we cannot simply wait before commencing litigation. The temporary postponement of penalties does avoid the need (we hope) for a TRO, but it does not alleviate the significant harm that the State's demand for Schedule B has had, and continues to have, on the Foundation, its employees, officers, directors and donors. Absent a non-temporary change of position by California, the chilling effect of such potential compelled disclosure of donor information continues unabated, particularly as regards donors' willingness to donate.

Accordingly, we do intend to proceed with litigation, but without the need for a TRO. However, we still intend to seek a preliminary injunction by way of noticed motion. To that end, we would like to agree on a briefing schedule with you for such a preliminary injunction proceedings. We propose to take up larger scheduling with you once we've filed our complaint and motion for preliminary injunction, which we plan to do this Monday, the 8th, and you've had the chance to review. We will of course be reasonable and courteous in accommodating your views on scheduling.

We would also require that the State agree to give the Foundation at least 60 days notice before it seeks to withdraw any postponement of its demand for Schedule B, so that, if necessary, we could then seek immediate relief from the Court.

I look forward to your response, and to discussing this with you further at your earliest convenience,

Regards,

Hal Barza

**From:** Tania Ibanez [mailto:Tania.Ibanez@doj.ca.gov]
**Sent:** Monday, December 01, 2014 2:59 PM
**To:** Harold Barza
**Cc:** Derek Shaffer; Jonathan Cooper; William Burck; Carolyn Thomas
**Subject:** RE: Americans for Prosperity Foundation - Your Demand for Schedule B

Thanks for your email. I just got back from vacation and I will need to vet your proposal with upper management. As such, I am not in a position to withdraw the Registry's demand for your client's delinquent schedule B forms.

However, while a decision is being made by management, I am authorized to temporarily postpone the Registry's issuance of penalties and to also postpone the Registry from listing your client as suspended.   I hope to have an answer for you in the next couple of weeks.

Tania M. Ibanez
Senior Assistant Attorney General
California Attorney General's Office
Charitable Trusts Section
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013
(213) 897-0218



---

**From:** Harold Barza [mailto:halbarza@quinnemanuel.com]
**Sent:** Monday, December 01, 2014 10:50 AM
**To:** Tania Ibanez
**Cc:** Derek Shaffer; Jonathan Cooper; William Burck; Carolyn Thomas
**Subject:** Americans for Prosperity Foundation - Your Demand for Schedule B

Dear Ms. Ibanez:

I am an attorney at Quinn Emanuel Urquhart & Sullivan, LLP.  My firm has been retained by Americans for Prosperity Foundation in connection with the recent demand of the California Attorney General that the Foundation disclose to the State the names and addresses of its donors listed on a federal tax form called Schedule B.  As we explain in more detail below, our client is prepared to commence litigation in the next twenty-four hours unless the Attorney General immediately withdraws her demand.

After receiving the Attorney General's demand, the Foundation wrote to the Attorney General on June 17 of this year to request postponement of any decision regarding the submission of Schedule B until the final resolution of a pending lawsuit by another organization, the Center for Competitive Politics, that challenges the authority of the Attorney General to demand disclosure of an organization's Schedule B.  On June 25, you replied on behalf of the Attorney General that she would not agree to the postponement.  Copies of this correspondence are attached to this email.

On October 29, the Attorney General sent a new letter to the Foundation reiterating her demand for the Foundation's Schedule B and threatening to impose penalties on the Foundation if it did not comply within 30 days. A copy of that letter is also attached to this email.

The Attorney General's demand violates the well-established First Amendment right of an organization to protect the identities of its donors from compelled disclosure by the government.  *E.g.*, *Brown v. Socialist Workers '74 Campaign Committee (Ohio)*, 459 U.S. 87 (1982); *Gibson v. Florida Legislative Investigation Committee*, 372 U.S. 539 (1963); *Bates v. Little Rock*, 361 U.S. 516 (1960); *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958).  The Attorney General's demand is also preempted by federal law, which prohibits the disclosure of Schedule B to state officials except in limited circumstances not applicable here.  *See* 26 U.S.C. § 6104.

Because the Attorney General's demand is unlawful, the Foundation is prepared to file a lawsuit in the next twenty-four hours to enjoin the Attorney General.  Furthermore, because the penalties she has threatened for noncompliance are imminent, the Foundation is prepared to apply today for a temporary restraining order against the Attorney General.

The Foundation would, however, prefer to resolve this dispute amicably.  The Foundation thus respectfully requests that the Attorney General withdraw her demand for the Foundation's Schedule B.  If the Attorney General is willing to do so, then the Foundation will not file its lawsuit.  Alternatively, if the Attorney General will agree to postpone any penalties for noncompliance with her demand, then the Foundation will agree not to seek a temporary restraining order as an interim measure while briefing and argument proceed on its request for a preliminary injunction.

I would be happy to discuss this matter with you.  I will try reaching you by phone shortly. In addition, I can be reached at (213) 443-3211 or halbarza@quinnemanuel.com.  You can also contact my colleagues Bill Burck at williamburck@quinnemanul.com and Derek Shaffer at derekshaffer@quinnemanuel.com.

If we cannot resolve this promptly as set out above, then to protect our client from the imminent penalties threatened by the Attorney General, we will be forced to commence litigation and apply for a temporary restraining order.

Sincerely,

Hal Barza

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT B

1

2

3

4

5

6

7

8                                   **UNITED STATES DISTRICT COURT**

9                                   **CENTRAL DISTRICT OF CALIFORNIA**
                                    **WESTERN DIVISION**

10   **AMERICANS FOR PROSPERITY**          Case No. 2:14-cv-09448-R-FFM
     **FOUNDATION,**
11                                          **ORDER GRANTING MOTION FOR A**
                    Plaintiff,              **PRELIMINARY INJUNCTION**
12
              vs.
13
     **KAMALA HARRIS,**
14   in her Official Capacity as
     Attorney General of California,
15
                    Defendant.
16

17

18

19

20

21

22

23

24

1    Plaintiff Americans for Prosperity Foundation ("Foundation") has applied for

2 a preliminary injunction order to prevent Defendant Kamala Harris, in her Official

3 Capacity as Attorney General of California, from demanding, or from taking any

4 action to implement or enforce her demand for, the names and addresses of the

5 Foundation's donors, particularly as contained in Schedule B to IRS Form 990.

6    The current request is almost identical to one made in another case in this

7 Circuit, *Center for Competitive Politics v. Harris*, No. 14-15978 (9th Cir.)

8 (hereinafter referred to as the "*CCP*" case). The district court in that case denied

9 preliminary injunctive relief on the basis that a prima facie showing of a First

10 Amendment violation had not been attempted. *CCP*, 2014 WL 2002244, at *6 (E.D.

11 Cal. May 14, 2014). However, on January 6, 2015, the Ninth Circuit effectively

12 reversed the district court's denial by issuing an injunction pending appeal in *CCP*.

13 That injunction prohibits the Attorney General from taking "any action against the

14 Center for Competitive Politics for failure to file an un-redacted IRS Form 990

15 Schedule B pending further order of this court." *CCP*, No. 14-5978, Dkt. 34 (9th

16 Cir. Jan. 6, 2015). The Ninth Circuit issued such injunction following the Attorney

17 General's letter to that plaintiff threatening to fine the Center's employees and

18 suspend its registration if it did not hand over its Schedule B. An almost identical

19 letter was sent to Plaintiff in this case.

20    "A preliminary injunction should be issued upon a clear showing of either (1)

21 probable success on the merits and possible irreparable injury or (2) sufficiently

22 serious questions going to the merits to make them fair ground for litigation and a

23 balance of hardships tipping decidedly toward the party requesting the preliminary

24 relief." *City of Angoon v. Marsh*, 749 F.2d 1413, 1415 (9th Cir. 1984). "These are

– 1 –

1  not really entirely separate tests, but are merely extremes of a single continuum. *Id.*

2  (relying on *Lopez v. Heckler*, 725 F.2d 1489, 1498 (9th Cir. 1984)). Because the

3  four factor test for evaluating a preliminary injunction pending appeal appears to be

4  identical to that for a preliminary injunction and no prima facie showing is

5  necessary, the Ninth Circuit's issuance of injunctive relief in the *CCP* case is

6  instructive. *See Humane Soc'y of U.S. v. Gutierrez*, 523 F. 3d 990, 991 (9th Cir.

7  2008) ("In deciding whether to issue a stay pending appeal, the court considers '(1)

8  whether the stay applicant has made a strong showing that he is likely to succeed on

9  the merits; (2) whether the applicant will be irreparably injured absent a stay; (3)

10  whether issuance of the stay will substantially injure the other parties interested in

11  the proceeding; and (4) where the public interest lies.'").

12       Once any necessary prima facie showing is made, the burden shifts and a

13  defendant must demonstrate the existence of both a "compelling" state interest

14  exists and "a substantial relationship between the information sought and [that]

15  overriding and compelling state interest." *Brown v. Socialist Workers '74 Campaign*

16  *Comm. (Ohio)*, 459 U.S. 87, 92 (1982). Plaintiff has raised serious questions going

17  to the merits and demonstrated that the balance of hardships sharply favor Plaintiff.

18       Plaintiff has sufficiently questioned the nature of Defendant's interest, noting

19  it pertains to national donor information and that Defendant lacks express statutory

20  authority to access such information. Moreover, even if such interest was

21  compelling, Plaintiff has offered numerous, less intrusive alternatives which could

22  satisfy Defendant's oversight and law enforcement goals. "The fact that . . .

23  alternatives 'could advance the Government's asserted interest in a manner less

24  intrusive to . . . First Amendment rights' indicate[s] that [a] law [i]s 'more extensive

[PROPOSED] ORDER GRANTING MOTION FOR A PRELIMINARY INJUNCTION

1 than necessary.'"  *Thompson v. Western States Med. Ctr.*, 533 U.S. 357, 357 (2002)

2 (relying on *Central Hudson Gas & Electric Corp. v. Public Serv. Comm'n of New*

3 *York*, 447 U.S. 557, 566 (1980)).

4    Finally, the balance of the hardships sharply favors Plaintiff because

5 Defendant has not suffered harm from not possessing Plaintiff's Schedule B for the

6 last decade.  The hardship Plaintiff would face from disclosure, however, is far

7 greater and likely irreparable.  When, as here, an ordinance infringes on First

8 Amendment rights of those "seeking to express their views" the "balance of equities

9 and the public interest . . . tip sharply in favor of enjoining the ordinance." *Klein v.*

10 *City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009).

11    Accordingly, having considered the application and supporting papers, and

12 following a hearing on February 17, 2015:

13    **IT IS HEREBY ORDERED** that the Attorney General is preliminarily

14 enjoined from demanding, and/or from taking any action to implement or to enforce

15 her demand for, a copy of the Foundation's Schedule B to IRS Form 990 or any

16 other document that would disclose the names and addresses of the Foundation's

17 donors, until this Court issues a final judgment.

18    **IT IS SO ORDERED.**

19    DATED: February 23, 2015

20

21 By_____

22    Hon. Manuel L. Real
   United States District Judge

23

24

– 3 –