# Exhibit 3

## Declaration of John J. Bursch

1   **ALLIANCE DEFENDING FREEDOM**
    JOHN J. BURSCH
2     *Counsel of Record*
    DAVID A. CORTMAN
3   RORY T. GRAY
    CHRISTOPHER P. SCHANDEVEL
4   MATHEW W. HOFFMANN
    440 First Street, NW, Suite 600
5   Washington, DC 20001
    (616) 450-4235
6   jbursch@ADFlegal.org

7   Attorneys for Plaintiff

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        WESTERN DIVISION

12

| THOMAS MORE LAW CENTER, | Case No. 2:15-cv-03048-R-FFM |
|---|---|
| Plaintiff, | Action Filed: April 23, 2015<br>Trial Date: June 28, 2016 |
| vs. | **DECLARATION OF JOHN J. BURSCH IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |
| ROB BONTA, in his Official Capacity as Attorney General of California, | Date: March 7, 2022<br>Time: 10:00 a.m.<br>Courtroom: 8D |
| Defendant. | Judge: Hon. Christina A. Snyder |

21   **DECLARATION OF JOHN J. BURSCH IN SUPPORT OF PLAINTIFF'S
22              MOTION FOR ATTORNEYS' FEES**

23          I, John J. Bursch, under penalty of perjury and pursuant to 28 U.S.C. § 1746,

24   declare:

25          1.      I am filing this declaration to demonstrate that both my hourly rate

26   and the total amount of compensable time that I incurred in this appeal are

27                                             1

28

1 reasonable.

2     2.     I am lead counsel for Thomas More's appeal before the U.S. Supreme

3 Court. As lead counsel, I supervised everything done on the Supreme Court appeal.

4 My principal contributions to Thomas More Law Center's appeal were (1)

5 reviewing and revising Thomas More's petition for certiorari and reply in support

6 of certiorari, and (2) drafting substantial portions and supervising additional

7 drafting of the opening merits brief and reply brief. I also prepared for oral

8 argument, and after the Supreme Court denied the consolidated petitioners' request

9 to divide oral argument on April 5, 2021, I assisted in preparing counsel for

10 Americans for Prosperity, Derek L. Shaffer, for oral argument.

11 **Background**

12     3.     I graduated *summa cum laude* from Western Michigan University in

13 1994 with a Bachelor of Arts in Mathematics and a Bachelor of Music in Clarinet

14 Performance.

15     4.     I graduated with a J.D. *magna cum laude* and Order of the Coif from

16 the University of Minnesota Law School in 1997.

17     5.     Following law school, I clerked from 1997–98 for the Honorable

18 James B. Loken on the United States Court of Appeals for the Eighth Circuit.

19     6.     I was admitted to the State Bar of Michigan in December 1997. I am

20 now also admitted in the U.S. Supreme Court, every federal circuit court, and

21 several federal district courts. I have been admitted *pro hac vice* in numerous

22 appellate courts around the country.

23     7.     Following my federal judicial clerkship, I worked nearly 13 years at

24 Warner Norcross & Judd LLP, one of Michigan's largest law firms. I was a partner

25 and founded and chaired the firm's Supreme Court & Appellate Practice Group.

26     8.     From 2011–13, I took a leave from Warner Norcross to serve as

27

2

28 DECLARATION OF JOHN J. BURSCH IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

1 | Michigan's 10th Solicitor General. My primary duties were litigating on the State's

2 | behalf in the Michigan Supreme Court and the U.S. Supreme Court. I also oversaw

3 | all other lower-court litigation of substantial importance to the State. During my

4 | tenure as Solicitor General, I argued eight cases in the U.S. Supreme Court.

5 |      9.    I returned to Warner Norcross & Judd in December 2013 and resumed

6 | my position as partner and chair of the Supreme Court & Appellate Practice

7 | Group.

8 |      10.    In August 2016, I formed my own law firm, Bursch Law PLLC,

9 | which specializes in high-stakes appellate litigation across the country.

10 |      11.    Beginning in July 2018, I began splitting my time between Bursch

11 | Law and as Vice President of Appellate Advocacy for Alliance Defending

12 | Freedom.

13 |      12.    My appellate experience is substantial. In all, I have argued 12 U.S.

14 | Supreme Court cases and 35 state supreme court cases, including cases in the

15 | Michigan Supreme Court, the Kansas Supreme Court, and the Minnesota Supreme

16 | Court.

17 |      13.    I have successfully litigated six matters with more than $1 billion at

18 | stake and many more where either high dollars or important constitutional

19 | principles were at risk. In recent years, I successfully persuaded the Sixth Circuit to

20 | reinstate a $70 million breach-of-contract lawsuit brought by the maker of 5-hour

21 | Energy, persuaded an appellate court to uphold a Certificate of Need for DTE

22 | Energy's billion-dollar gas-powered generation facility, argued before the

23 | Michigan Supreme Court on behalf of the Michigan House and Senate in a variety

24 | of different matters, successfully argued a case in the Sixth Circuit regarding a

25 | professor's free-speech and free-exercise rights, and argued before the U.S.

26 | Supreme Court regarding the scope of Title VII.

27 |

3

28 | DECLARATION OF JOHN J. BURSCH IN SUPPORT OF PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES

14.     My private clients have included the States of Arizona, Colorado, Indiana, Louisiana, Michigan, Nebraska, New Jersey, South Carolina, Tennessee, and Utah; the Michigan Legislature, several statewide elected officials in Michigan, New Jersey, and Utah, and a Texas Congressman; Canada; the state bar associations of Alaska, Arizona, Kentucky, Michigan, South Dakota, and Wyoming; Amway, Auto-Owners Insurance, Consumers Energy, Detroit Edison, The Dow Chemical Company, Enbridge, Flagstar Bank, Innovation Ventures (makers of 5-hour Energy), MCNA Dental, PolyOne Corporation, Priority Health, Robert Bosch Corporation, Spartan Nash, TCF Bank, Tesla, TruGreen, United Educators, Whirlpool, and Wolverine Worldwide; and the Estate of Sir Arthur Conan Doyle. Auto-Owners Insurance, a Fortune 400 company, retained me as its national appellate coordinating counsel for several years before I was reluctantly forced to tell them I did not have adequate time for all the work.

15.     I am frequently recognized for my appellate expertise. I have made many presentations and published many articles on appellate practice around the country. I am one of only seven Michigan lawyers inducted into the *American Academy of Appellate Lawyers*, and one of only 66 Michigan attorneys serving as a Member of the *American Law Institute*. I was featured on the cover of *Michigan Super Lawyers*, a publication that has also recognized me as one of the "Top Ten" attorneys in Michigan. I have repeated listings in *Best Lawyers* for Appellate Litigation, Commercial Litigation, and Bet-the-Company Litigation, and *Benchmark Litigation* annually names me a "State litigation star."

16.     I received three Best Brief Awards from the National Association of Attorneys General, one for each of the three years I served as Michigan Solicitor General. I have also received a record nine Distinguished Brief Awards for Michigan Supreme Court work, more than twice as many as the next closest

4

1  attorney. I was also the principal author of the *Guide to Counsel*, the Michigan

2  Supreme Court's own publication regarding effective written and oral advocacy

3  before that Court.

4      17.    A recent study of the U.S. Supreme Court's 2012–15 Terms

5  concluded that my *certiorari* petitions had one of the highest grant rates in the

6  country. As *The Wall Street Journal* noted, between March 2011 and the end of

7  2013, I "appeared for oral arguments in more than 6% of all of the cases before the

8  high court during that time." Another recent study on "clutch" U.S. Supreme Court

9  practitioners included me in its "veritable who's who of Supreme Court litigators"

10  list, and yet another recognized me as having the third highest success rate for

11  persuading U.S. Supreme Court Justices to adopt my legal position among frequent

12  Supreme Court advocates who did not work for the federal government.

13      18.    In 17 merits decisions I have received from the U.S. Supreme Court

14  (12 following oral argument, three as summary decisions, and two where I was the

15  principal draftsperson for merits briefs but did not argue the case), my client

16  prevailed outright in 12 and obtained partial relief in two more, compiling a record

17  that the *National Law Journal* observed "even more veteran high court advocates

18  would envy."

### Reasonableness of Hourly Rate

20      19.    Thanks to its non-profit status, ADF provides *pro bono* representation

21  for its clients. Many of our clients could not feasibly vindicate their constitutional

22  rights if they had to pay for our services—we therefore gladly provide these

23  services at no cost to them.

24      20.    The *pro bono* representation that we provide our clients and the

25  national scope of our practice mean that ADF does not maintain internal billing

26  rates. However, by virtue of my continuing private practice, I maintain a consistent

27

28

5

DECLARATION OF JOHN J. BURSCH IN SUPPORT OF PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES

1  billing rate for my clients from across the country.

2        21.    My current billable rate is $850 an hour.

3        22.    Because of my unique skill set, the standard billable rates for

4  attorneys in the Central District of California are not the appropriate comparator.

5  The better comparison are nationally recognized appellate litigators with successful

6  practices in the U.S. Supreme Court.

7        23.    For example, Gibson Dunn partner Theodore Olson reportedly bills at

8  least $1,800 an hour. Mike Scarcella & Marcia Coyle, W*hat New Supreme Court*

9  *Cases Reveal About Big Law Billing Rates*, Law.com (Aug. 27, 2019),

10  https://bit.ly/3nGmt49 (viewed Aug. 2, 2021). Kirkland & Ellis partner Paul

11  Clement was billing at $1,745 an hour as recently as March 2019. *Id.* Fellow

12  Kirkland partner George Hicks Jr., who has argued only one U.S. Supreme Court

13  case, bills at $1,075 an hour. *Id.* Former Kirkland partner Christopher Landau, who

14  served as U.S. Ambassador to Mexico after his March 2019 confirmation, was

15  billing at $1,495 an hour. *Id.* Kirkland partner Bartow Farr billed at $1,385 an

16  hour. *Id.* And Kellogg, Hansen partner David Frederick recently billed at $1,265 an

17  hour. Jaime Adame, *ASU System turns to pricey D.C. law firm in free-speech case*

18  (viewed Aug. 16, 2021) https://bit.ly/2VZOOu4.

19        24.    Even back in 2015, a frequent U.S. Supreme Court advocate like

20  Thomas Goldstein of Goldstein & Russell was billing at $1,100 an hour. David

21  Lat, *Top Supreme Court Advocates Charge How Much Per Hour?*, Above the Law

22  (Aug. 10, 2015), https://bit.ly/3bH28sP (viewed Aug. 2, 2021). And in 2013,

23  Orrick, Herrington & Sutcliffe partner E. Joshua Rosenkranz (who at that time had

24  argued nine U.S. Supreme Court cases) was billing $1,020 an hour. *Id.*

25        25.    Given these points of comparison and my extensive appellate

26  experience, including 12 U.S. Supreme Court arguments, $850 an hour is likely

27

6

28  DECLARATION OF JOHN J. BURSCH IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

1 | under my actual market rate.

2 |      26.    My rate of $850 per hour is reasonable for the complexity of the case

3 | and the skill needed to overcome unfavorable lower court rulings. And the

4 | concurrently filed declaration of appellate practitioner Thomas G. Hungar also

5 | attests to the reasonableness of this rate for litigation before the Supreme Court.

6 | See Ex. 12.

7 | **Reasonableness of Time**

8 |      27.    In support of this petition for attorney fees, I also file my itemized

9 | statement. I kept contemporaneous time records as I worked on this case and the

10 | itemized statement lists my task-based time.

11 |      28.    The total time I incurred on this case is 418.7 hours. *See* Exs. 2, 3.A.

12 | After I reviewed my time and exercised critical billing judgment, this amount was

13 | reduced by 37.9 hours for a total of 380.8 hours. *Id.* When these hours are

14 | multiplied by a competitive and reasonable billing rate of $850 per hour, this

15 | results in a total amount of $323,680 that may properly be claimed against

16 | Defendants for the work that I have done. *Id.*

17 |      29.    In addition to exercising my billing judgment regarding the time

18 | incurred, Alliance Defending Freedom is foregoing any claims for compensation

19 | altogether for the time and valuable contributions of several attorneys:

20 |      (a)    Erin Hawley, Senior Counsel and a member of ADF's appellate team,

21 | with 16 years' legal experience, including clerking for the U.S.

22 | Supreme Court and the U.S. Court of Appeals for the Fourth Circuit,

23 | with extensive experience litigating before the Supreme Court;

24 |      (b)    Travis Barham, Senior Counsel, with 15 years' legal experience

25 | focusing exclusively and extensively on litigation related to religious

26 | freedom, expression, and assembly;

7

DECLARATION OF JOHN J. BURSCH IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

1    (c)    Kate Anderson, Senior Counsel, with 12 years' legal experience,

2           including more than 10 years of experience litigating religious liberty

3           matters;

4    (d)    Bryan Neihart, Legal Counsel, with 7 years' legal experience,

5           including clerking for a Colorado Court of Appeals Justice and a

6           federal judge in the District of Colorado;

7    (e)    Cody Barnett, Legal Counsel, with 4 years' legal experience,

8           including clerking for Justices of both the 6th Circuit and the U.S.

9           Court of Appeals for the District of Columbia

10          30.    In exercising its billing judgment, Alliance Defending Freedom

11   foregoes its claims to 77.8 hours of work by these attorneys. *See* Exs. 3.B–3.F.

12          31.    The concurrently filed declarations of Mssrs. Hungar and Gates attest

13   to the fact that the total compensable time that Alliance Defending Freedom

14   incurred in this case after exercising billing judgment is very reasonable for this

15   type of case. *See* Exs. 12, 13.

### Expenses

17          32.    I have reviewed the itemized statement of expenses and affirm the

18   accuracy of the expenses attributed to me.

19          I declare under penalty of perjury that the foregoing is true and correct.

20          Executed on January 18, 2022.

21

22          _____
            JOHN J. BURSCH

23          ALLIANCE DEFENDING FREEDOM
            440 First Street NW

24          Suite 600
            Washington, D.C. 2001

25          Telephone: (202) 393-8690
            Facsimile: (202) 347-3622

26          jbursch@ADFlegal.org

27
                                    8

28   DECLARATION OF JOHN J. BURSCH IN SUPPORT OF PLAINTIFF'S MOTION FOR
                        ATTORNEYS' FEES