# Exhibit 12

## Declaration of Thomas G. Hungar

**ALLIANCE DEFENDING FREEDOM**
JOHN J. BURSCH
  *Counsel of Record*
DAVID A. CORTMAN
RORY T. GRAY
CHRISTOPHER P. SCHANDEVEL
MATHEW W. HOFFMANN
440 First Street, NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@ADFlegal.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| THOMAS MORE LAW CENTER,<br><br>      Plaintiff,<br><br>vs.<br><br>ROB BONTA, in his Official Capacity as Attorney General of California,<br><br>      Defendant. | Case No. 2:15-cv-03048-R-FFM<br><br>Action Filed: April 23, 2015<br>Trial Date:    June 28, 2016<br><br>**DECLARATION OF THOMAS G. HUNGAR IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Date:        March 7, 2022<br>Time:       10:00 a.m.<br>Courtroom:  8D<br>Judge:      Hon. Christina A. Snyder |

**DECLARATION OF THOMAS G. HUNGAR IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

I, Thomas G. Hungar, under penalty of perjury, make the following declaration pursuant to 28 U.S.C. § 1746:

1. The purpose of this declaration is to address the reasonableness of the time spent by the attorneys and support staff of Alliance Defending Freedom

1

(collectively, "Plaintiffs' attorneys") litigating the Supreme Court appeal in *Thomas More Law Center v. Bonta* ("this case").

2. I am a partner of Gibson, Dunn & Crutcher LLP and a former co-chair of the firm's Appellate and Constitutional Law Practice Group. My practice focuses on appellate litigation, and I also assist clients with complex trial court litigation.

3. In 1987, I graduated with a J.D. from Yale Law School, where I served as a Senior Editor of the Yale Law & Policy Review. I earned my bachelor's degree magna cum laude in mathematics/computer science and economics from Willamette University in 1984.

4. After law school, I served as a law clerk to Circuit Judge Alex Kozinski of the United States Court of Appeals for the Ninth Circuit, and thereafter as a law clerk to Associate Justice Anthony M. Kennedy of the Supreme Court of the United States.

5. Since serving as a law clerk, I have worked as a litigation attorney in private practice or government for more than three decades.

6. From 2016 until 2019, I served as General Counsel of the U.S. House of Representatives, in which capacity I had occasion to employ outside counsel. From 2003 through 2008, I served as a Deputy Solicitor General of the United States. Between 1992 and 1994, I served as an Assistant to the Solicitor General of the United States.

7. I have argued 26 cases before the Supreme Court of the United States, and have been involved in the litigation of numerous other Supreme Court cases, as well as numerous cases in the federal courts of appeals and district courts. Many of the cases I have litigated involved complex constitutional questions.

8. The following is a non-exhaustive listing of some of the cases I have

DECLARATION OF THOMAS G. HUNGAR IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

argued before the Supreme Court: *Town of Greece v. Galloway*, 134 S. Ct. 1811 (2014) (involving a First Amendment question regarding the permissibility of a town opening its board meetings with prayer); *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238 (2011) (regarding the standard of proof for challenges to patent validity); *Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617 (2008) (concerning a patent infringement action involving the application of the patent-exhaustion doctrine); *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148 (2008) (considering whether "scheme liability" is a basis for liability on secondary actors in securities fraud actions); *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 551 U.S. 877 (2007) (assessing the continuing validity of a prior Supreme Court decision holding that certain agreements about the price of goods are per se violations of the Sherman Act); *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007) (concerning the standard for determining when an invention claimed in a patent is "obvious" and therefore ineligible for patent protection); *Environmental Defense v. Duke Energy Corp.*, 549 U.S. 561 (2007) (relating to the test for determining whether a "modification" to a pollutant-emitting source has occurred so as to require a permit); *Illinois Tool Works, Inc. v. Independent Ink, Inc.*, 547 U.S. 28 (2006) (considering whether a presumption of market power in a patented product should survive in antitrust law); *National Cable & Telecommunications Ass'n v. Brand X Internet Services*, 545 U.S. 967 (2005) (evaluating the Federal Communications Commission's interpretation of a provision of the Communications Act of 1934); and *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) (relating to the pleading and proof requirements for securities fraud plaintiffs invoking the fraud-on-the-market theory).

9. I am admitted to the Bars of California and the District of Columbia.

Additionally, I am admitted to practice law before the Supreme Court and numerous lower federal courts.

10. I have presented numerous lectures regarding various legal matters at conferences sponsored by organizations such as the Federal Circuit Bar Association, the Giles S. Rich and Edward Coke American Inns of Court, the Heritage Foundation, the Capitol Hill and Washington, DC Chapters of the Federal Bar Association, the Federalist Society for Law & Public Policy Studies, the American Academy of Appellate Lawyers, and the Business Law Section of the American Bar Association.

11. I have been elected as a Fellow of the American Academy of Appellate Lawyers. I am a recipient of the John Marshall Award for Outstanding Legal Achievement, the highest award that the United States Department of Justice presents to attorneys for contributions and excellence in legal performance.

12. I am recognized as a leading appellate litigator by Best Lawyers in America and Washington, D.C. Super Lawyers.

13. I am a volunteer member of the Alliance Defending Freedom Advisory Council.

14. I am aware of the relevant legal questions, history, and facts of this case, and filed an amicus brief supporting petitioners in the case on behalf of a nonprofit research and education organization. I have played a substantial role, including service as lead counsel, in various matters involving questions of constitutional law that are similar in complexity to those involved in this case.

15. In my capacity as a litigation partner at a major law firm, I frequently have occasion to review bills for legal work on matters comparable in complexity to this case, including matters in federal district court, federal courts of appeals, and the Supreme Court. Accordingly, I am well familiar with the amounts of

4

DECLARATION OF THOMAS G. HUNGAR IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

attorney time typically required to litigate matters comparable to this case.

16. I am aware of the relevant qualifications and background of Plaintiffs' attorneys.

17. I have evaluated the hourly rates requested by Plaintiffs' attorneys and the total amount of time they charged to this case, and have been provided with their itemized time records. I understand that the sum of the total hours recorded by Plaintiffs' attorneys and their requested hourly rates are reflected in the table below.

| Name | Hours Recorded | Requested Hourly Rate |
| --- | --- | --- |
| John J. Bursch | 418.7 | $850 |
| David A. Cortman | 21.4 | $750 |
| Rory T. Gray | 365.1 | $650 |
| C. Schandevel | 73.3 | $600 |
| Mathew W. Hoffman | 146.9 | $500 |
| Mark A. Lippelmann | 26.2 | $250 |
| Cindy Eville | 76.9 | $150 |
| Total | 1,128.5 | |

18. The victory that Plaintiffs' attorneys achieved in this case is exceptional. It is extremely difficult to persuade the Supreme Court to grant review of a court of appeals decision, and it is unusual to succeed in convincing a majority of the Supreme Court that a law is unconstitutional, but that is precisely

5

DECLARATION OF THOMAS G. HUNGAR IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

what Plaintiffs' attorneys did in this case. In so doing, they achieved the relief that their clients desired and helped to establish an important nationwide precedent that will have a broad impact on associational rights and First Amendment jurisprudence more generally in a manner that benefits the public.

19. In my opinion, and based on my experience working on Supreme Court cases over the past 30-plus years, the total amount of time that Plaintiffs' attorneys devoted to this case is entirely reasonable. This is particularly true given the complex nature of the First Amendment issues presented and the extensive preparation that is required to handle a case before the Supreme Court.

20. Litigation before the United States Supreme Court is a uniquely challenging endeavor that requires specialized expertise and demands a tremendous amount of preparation and precision. Supreme Court litigators must devote copious amounts of time to become intimately familiar with the record and legal arguments in the case as well as the facts and holdings of all other cases that may relate to the questions before the Court. Counsel must also attempt to identify the full range of questions that the Justices may ask at oral argument and prepare reasoned answers to all of those questions. To aid in this preparation, it is extremely important to hold multiple moot courts at which other experienced attorneys who have reviewed the briefs engage in extensive questioning of the advocate and then discuss and analyze the most persuasive and effective answers. Accordingly, the total amount of time that Plaintiffs' attorneys spent litigating this case at the Supreme Court is very reasonable.

21. It was reasonable and necessary for Mr. Bursch to prepare for oral argument although he did not ultimately argue this case at the Supreme Court. On January 8, 2021, the Court consolidated this case with *Ams. for Prosperity Found. v. Bonta*, 19-251. On March 11, 2021, the petitioners filed a motion to divide

6

DECLARATION OF THOMAS G. HUNGAR IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Case 2:15-cv-03048-CAS-FFM   Document 210-25   Filed 01/18/22   Page 7 of 9   Page ID #:6533

argument. The Court scheduled oral argument for April 26, 2021, but did not deny the motion for divided argument until April 5, 2021, and I am informed and believe that it was not until mid-April that the consolidated parties determined that AFP's attorney would argue. During this period of uncertainty regarding who would argue, it was necessary and appropriate for Mr. Bursch to prepare for oral argument.

22. Because practicing before the Supreme Court is so demanding and requires skills that few attorneys have mastered, parties frequently retain specialized appellate advocates to present their cases to the Supreme Court.

23. I am aware of the typical hourly rates charged by experienced Supreme Court litigators and know that they are significantly higher than the rates that Plaintiffs' attorneys are requesting. My usual hourly rate, including for Supreme Court representations, is well in excess of the rates charged in this case. In my opinion, and based on my experience as an appellate litigator, the hourly rates requested by Plaintiffs' attorneys are very reasonable.

24. If Plaintiffs had retained additional experienced Supreme Court advocates to represent them in the proceedings before the Supreme Court, it is likely that the hourly billing rates of those attorneys would have been higher than the rates sought by Plaintiffs' attorneys.

Case 2:15-cv-03048-CAS-FFM    Document 210-25    Filed 01/18/22    Page 8 of 9    Page ID #:6554

7

DECLARATION OF THOMAS G. HUNGAR IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

### DECLARATION UNDER PENALTY OF PERJURY

I, Thomas G. Hungar, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of January, 2022, at Washington, D.C.

Thomas G. Hungar
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
TEL: (202) 955-8500

DECLARATION OF THOMAS G. HUNGAR IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES