UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:15-CV-03048-CAS (FFMx) | Date | March 28, 2022 |
|---|---|---|---|
| Title | THOMAS MORE LAW CENTER V. ROB BONTA | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Louis Castoria
Rory Gray
John Brusch
Mark Lippelmann

Attorneys Present for Defendants:
Jose Zelidon-Zepeda

**Proceedings:**    PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS (Dkt. 210, filed on JANUARY 18, 2022)

## I. INTRODUCTION AND BACKGROUND

On April 23, 2014, the Thomas More Law Center (the "Law Center") filed a complaint against defendant Kamala Harris, in her official capacity as Attorney General of California. Dkt. 1.[1] The gravamen of plaintiff's claim was that Title 11, Section 301 of the California Code of Regulations—which required that all 501(c)(3) charities registered in the State file an annual registration renewal fee report and certain Internal Revenue Service ("IRS") forms that forced charities to disclose the names and addresses of their major donors—violates the Law Center's First Amendment right to free association. Id.; Cal. Code. Reg. 11 § 301 (2021).

The case proceeded to trial before the Honorable Manuel L. Real, now deceased.[2] Dkt. 131-134. On November 16, 2016, Judge Real found in favor of the Law Center. Id. On November 30, 2016, Judge Real issued an order approving the parties' stipulation that "the time to file any motion for attorneys' fees is extended until 28 days after the latest

---

[1] On April 23, 2021, Rob Bonta, as acting Attorney General, replaced Kamala Harris as the defendant in this action.

[2] On August 27, 2021, the case was randomly reassigned to this Court for all further proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:15-CV-03048-CAS (FFMx) | Date | March 28, 2022 |
|---|---|---|---|
| Title | THOMAS MORE LAW CENTER V. ROB BONTA | | |

date on which . . . the Supreme Court of the United States issue[s] a certified judgment that requires no further action from the Court of Appeals." Dkt. 141.

On December 15, 2016, defendants appealed the judgment of the district court to the Ninth Circuit Court of Appeals. Dkt. 141. The Ninth Circuit reversed the district court's decision. Dkt. 170. On January 8, 2021, the Supreme Court granted plaintiff's petition for a writ of certiorari, consolidating this case with <u>Americans for Prosperity Foundation v. Bonta</u>, 141 S. Ct. 2373 (2021). Dkt. 174. On July 1, 2021, the Supreme Court reversed the Ninth Circuit Court of Appeals' decision, holding that the regulation challenged by the Law Center violated its First Amendment right of free association. Dkt. 175. On August 2, 2021, the Supreme Court issued its judgment, remanding the case for further proceedings consistent with the Supreme Court's opinion. Dkt. 176.

On August 26, 2021, the Law Center filed its final application for attorneys' fees and costs against defendant. Dkt. 177. On September 2, 2021, defendant filed an opposition to the final application. Dkt. 181. On December 15, 2021, the Court granted the parties' stipulation to set a deadline of January 18, 2022, for the submission of supplemental information in support of the already filed motion for attorneys' fees. Dkt. 205.

On January 18, 2022, the Law Center filed a supplemental memorandum in support of its motion for attorneys' fees, expenses, and costs under 42 U.S.C. 1988 and Fed. R. Civ. P. 54. Dkt. 210 ("Mot. for Fees"). On February 28, 2022, defendant filed an opposition. Dkt. 217 ("Opp."). On March 10, 2022, plaintiff filed a reply. Dkt. 219 ("Reply"). On March 18, 2022, the Court granted defendant's request to file a surreply. Dkt. 220.

On March 28, 2022, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

42 U.S.C. § 1988 provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances. Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 (1983) (internal quotations and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:15-CV-03048-CAS (FFMx) | Date | March 28, 2022 |
|---|---|---|---|
| Title | THOMAS MORE LAW CENTER V. ROB BONTA | | |

citations omitted). In applying the "special circumstances" exception, the Court focuses on 2 factors: (1) whether allowing attorneys' fees would further the purpose of the statute and (2) whether the balance of equities favors or disfavors the denial of fees. Gilbert v. City of Westminster, 177 F.3d 839, 870 (9th Cir.1999).

Where fee awards are appropriate and available, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461U.S. at 437. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party and submitted affidavits." Gates v. Gomez, F.3d 525, 534-535 (9th Cir. 1995).

The Court has an independent duty to determine whether the hours and hourly rates submitted by the fee applicant are "reasonable," and to reach its own "lodestar" value, which is "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. The lodestar amount is "presumptively the reasonable fee amount," and should be adjusted upward or downward by a multiplier in "rare" or "exceptional" cases only. Van Gerwen v. Guarnatee Mut. Life Co., 214 F.3d 1041,1045 (9th Cir. 2000).

## III. DISCUSSION

The Law Center obtained the relief that it sought under 42 U.S.C. § 1983: a determination that California's donor disclosure regulations are unconstitutional. Mot. for Fees at 2; Hensley, 461 U.S. at 433. Therefore, as the prevailing party in this action, the Court finds that the Law Center is entitled to an award of attorneys' fees and costs under Fed. R. Civ. P. 54 and 42 U.S.C. § 1988. The Law Center requests a total award in the amount of $5,145,434.07. Mot. for Fees at 2.

This award includes $4,891,495 in attorneys' fees—$4,276,330 in fees attributable to the work performed by the Law Center's lead counsel, Kaufman, Dolwich, & Voluck, LLP ("KDV"), and $615,165 in attorneys' fees attributable to the Law Center's lead Supreme Court counsel, Alliance Defending Freedom ("ADF"). Id. Further, the Law Center requests $76,811.27 in non-taxable expenses, including $51,693.05 in expenses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-CV-03048-CAS (FFMx) | Date | March 28, 2022 |
|---|---|---|---|
| Title | THOMAS MORE LAW CENTER V. ROB BONTA | | |

incurred by KDV and $25,118.22 in fees incurred by ADF; $168,094.04 in expert fees; and $9,033.76 in taxable costs. Id.

    **A.**    **Lodestar Number**

The Law Center seeks a lodestar figure of $2,752,330—$2,138,165 attributable to KDV and $615,165 attributable to ADF. Mot. for Fees at 11. Defendant argues that the appropriate lodestar amount is $1,712,620.50 for KDV and $615,165 for ADF. Opp. at 6. The Court evaluates the Law Center's request under the lodestar method, first evaluating the reasonableness of the attorneys' hourly rates, and then evaluating the number of hours the attorneys reasonably expended. Hensley, 461 U.S. at 434.

        1.    Reasonable Hourly Rate

In the Ninth Circuit "[r]easonable fees under § 1988 are calculated according to the prevailing market rates in the relevant legal community [] and the general rule is that the rates of attorneys practicing in the forum district . . . are used." Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) (internal citations omitted). "Within this geographic community, the district court should take into consideration the experience, skill, and reputation of the attorney." Gonzalez v. City of Maywood, 729 F.3d 1196, 1205–06 (9th Cir. 2013).

The Law Center requests rates between $350 and $650 for attorneys at KDV. Mot. for Fees. Further, the Law Center requests rates between $850 and $150 for attorneys at ADF. The Declarations of Douglas Mirell, Thomas G. Hungar, and Sean Gates explain that the rates were calculated based on the timekeeper's location and years of experience, among other factors. Mot. for Fees at 14; Decls. of Douglas E. Mirell; Thomas G. Hungar; Sean Gates.

Defendant contends that the Law Center's requested hourly rates for KDV are not reasonably supported, and should instead range from $200 and $650 per hour based on an analysis from their expert Gary Greenfield, who consults regarding legal fee-related issues and analyzes legal and expert witness fees. Opp. at 8. Defendant notes that the Law Center has not submitted information regarding the attorneys' experience in First Amendment litigation or past fee awards to support their sought rates. Id. at 8-9. Defendant does not object to the hourly rates for ADF, the Law Center's Supreme Court counsel. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:15-CV-03048-CAS (FFMx) | Date | March 28, 2022 |
|---|---|---|---|
| Title | THOMAS MORE LAW CENTER V. ROB BONTA | | |

The Court finds that the rates requested by the Law Center for both KDV and ADF are reasonable. The Law Center's fee expert, Douglas E, Mirell, used survey data from Los Angeles and San Francisco to evaluate rates in Los Angeles and San Francisco to determine appropriate fees. The fee ranges requested are consistent with prevailing market rates in the Central District of California, the relevant legal community, for attorneys with a similar number of years of experience. See, e.g., Orlando Garcia v. Apple Seven Services SPE San Diego, Inc., 2022 WL 837419, at *4 (C.D. Cal. Mar. 21, 2022) (noting that the average hourly rate for litigators in Los Angeles with 21 years of experience is about $800 per hour); Hope Med. Enterprises, Inc. v. Fagron Compounding Serv., LLC, 2022 WL 826903, at *3 (C.D. Cal. Mar. 14, 2022) (holding that "billing rates of $895 to $1,295 per hour for partners and counsel, and between $565 and $985 for associates is reasonable within the legal community of Los Angeles for attorneys of similar skill and experience"); Dowd v. City of Los Angeles, 28 F. Supp. 3d 1019, 1052-57 (C.D. Cal. 2014) (holding that $775 per hour is a reasonable rate for a Los Angeles attorney of roughly 40 years of experience, $675 per hour is a reasonable rate for an attorney with 35 years of experience, and $375 per hour is a reasonable rate for an attorney of 5-7 years of experience).

      2.      Number of Hours Reasonably Expended

The Law Center argues that KDV attorneys reasonably billed a total of 4,298.5 hours on this case. Mot. for Fees at 16. The Law Center notes that KDV spent numerous hours litigating this matter over the course of seven years, including litigation surrounding: a temporary restraining order to stay any enforcement action by the Attorney General, the issuance of a preliminary injunction including an appeal from the preliminary injunction, cross-motions for summary judgment, a bench trial, a second appeal to the Ninth Circuit, and a Petition for Writ of Certiorari to the Supreme Court. Dkts. 10, 13, 16, 19, 23, 52, 75, 131-33, 138, 142. The Law Center contends that its counsel made good faith efforts to avoid unnecessary hours billed by thinly staffing the case. Mot. for Fees at 17. Further, the Law Center argues that ADF's attorneys and paralegals billed a total of 1,127.8 hours. Mot. for Fees at 21.

Defendant responds that the Court should exercise its discretion to reduce hours from the Law Center's request that are redundant and improper. Opp. at 12. Defendant argues that the Court should deduct $146,902.46 from KDV and $19,195 from ADF for unreasonable hours billed. Opp. at 14. First, defendant argues that the Court should cut

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-CV-03048-CAS (FFMx) | Date | March 28, 2022 |
|---|---|---|---|
| Title | THOMAS MORE LAW CENTER V. ROB BONTA | | |

45.30 hours for the time the Law Center's counsel spent litigating four other unsuccessful claims which were rejected after trial, including a claim under the Fourth Amendment and a claim for damages. Id.

Second, defendant argues that the Court should deduct as unnecessary the 102.40 hours the Law Center's counsel spent travelling and attending the full trial in the Americans for Prosperity Foundation litigation. Opp. at 13. Additionally, defendant contends that the Court should deduct the hours the Law Center's counsel spent traveling from San Francisco to Los Angeles because the Law Center has an office in Los Angeles, and therefore there was no need for counsel from San Francisco to be assigned. Opp. at 12-13.

Third, defendant argues that the Law Center's recoverable hours should be reduced because the Law Center seeks to recover fees for time spent in discussions with the media and similar activities without showing how those hours relate directly to the representation. Opp. at 15.

Lastly, defendant notes that the Law Center missed a deadline to file a reply brief to the Supreme Court, and subsequently filed a motion to extend the deadline, which is not recoverable. Id.

In its reply, the Law Center notes that the travel was necessary in this case for depositions and hearings in pre-COVID times when in-person depositions and hearings were considered essential. Reply at 8.

In determining the lodestar calculation, the Court should exclude hours that are "excessive, redundant, or otherwise unnecessary." Gonzalez, 729 F.3d at 1203 (internal citation omitted). The Court finds the total hours billed for travel to be reasonable. The total time billed by KDV for travel is 102.40 hours totaling $48,147.00. Greenfield Decl. Ex. 1. The total time billed by ADF for this travel is 9.30 hours for a total of $7,905.00. Id. While the Court notes defendant's objections to travel time spent by attorney Louie Castoria to attend oral arguments before the Supreme Court in Washington, D.C., the Court finds that this time was reasonably spent, as the Law Center helped prepare Americans for Prosperity Foundation's lead counsel with moot arguments. Courts compensate "reasonable travel time . . . if that is the practice in the community."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:15-CV-03048-CAS (FFMx) | Date | March 28, 2022 |
|---|---|---|---|
| Title | THOMAS MORE LAW CENTER V. ROB BONTA | | |

Rodriquez v. County of Los Angeles, 96 F. Supp. 3d 1012 (C.D. Cal. 2014) (citing Suzuki v. Yuen, 678 F.2d 761, 764 (9th Cir. 1982).

The Court reduces the Law Center's requested attorneys' fees by an additional $11,290—$2,110 for the Law Center's motion to extend the deadline to file a reply after missing a deadline and $8,180 for media requests. The Law Center does not object to these requested deduction in its reply brief. Reply at 11.

However, the Court finds that it is inappropriate to deduct for hours plaintiff spent drafting unsuccessful claims under the Fourth Amendment, Supremacy Clause, or Free Exercise Clause. The Ninth Circuit has repeatedly held that if a plaintiff prevailed on any of his related claims for relief, his fee award should not be reduced. Schwarz v. Sec'y of Health & Hum. Servs., 73 F.3d 895, 902–03 (9th Cir. 1995) (citing Hensley v. Eckerhart, 461 U.S. 424, 434–35 (1983)). Here, the Law Center's claims were all based on the same nexus: protecting the confidentiality of donors' identities. As such, attorneys' fees should not be reduced for drafting unsuccessful related claims.

    3.    Fee Enhancement

An enhanced fee award, such as a multiplier of the lodestar figure, is justified in rare cases of exceptional success and in circumstances that present novel and difficult legal questions. Perdue v. Kenny A. ex rel Winn, 559 U.S. 542, 553-54.

The Law Center argues that due to special circumstances in this case, including the scope of the Law Center's victory, its cost-effective litigation, and the broad public benefit of the Supreme Court's decision, the Law Center is entitled to an enhancement of two times the lodestar amount for the work of its KDV attorneys, resulting in a total fee award for KDV of $4,898,855. Mot. for Fees at 11. The Law Center "does not seek an enhancement of attorney[s'] fees for the work performed by ADF, since ADF's attorney-fee calculations are done at market rates." Id.

Defendant argues that an enhancement here would result in a windfall for the Law Center. Opp. at 14. Defendant contends that the scope of the victory and the broad public benefit here were already determined through the Law Center's companion case, American for Prosperity, and as such any purported benefit from the litigation is duplicative. Opp. at 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:15-CV-03048-CAS (FFMx) | Date | March 28, 2022 |
|---|---|---|---|
| Title | THOMAS MORE LAW CENTER V. ROB BONTA | | |

In support of its argument for a fee enhancement, the Law Center cites to Geier v. Sundquist, 372 F.3d 784, 795 (6th Cir. 2004), in which the Sixth Circuit held that it was an error not to issue an enhancement where the Circuit held for the first time that there "was an affirmative duty to remove all vestiges of state-imposed segregation in institutions of public higher education." Id. The Law Center argues that, similarly here, it has achieved a result that is pathbreaking, of great social importance, and that has a precedential effect reaching charities nationwide. Mot. for Fees at 20.

This case is distinguishable from Geier, 372 F. 3d 784. There, the Sixth Circuit concluded that a litigation that spanned 36 years, led to the desegregation of Tennessee's public universities, and resulted in injunctive relief valued at approximately $320 million was "rare and exceptional," and warranted an enhanced fee under section 1988. Id. at 795-96. By contrast, this litigation spanned only about 1/6 of the time, led to a change to state procedures regarding the confidentiality of an IRS form, and impacted a limited number of charities soliciting within California.

Ultimately, the Court finds that the fee multiplier requested by the Law Center is unsupported. The Supreme Court has held that there are only a "few circumstances" in which a fee multiplier is appropriate in §1988 cases, and that "these circumstances are indeed 'rare' and 'exceptional.'" Perdue, 559 U.S. at 542; see, e.g., Bernardi v. Yeutter, 951 F.2d 971, 975 (9th Cir. 1991) (noting that there is a "strong presumption" that the lodestar figure is a "reasonable" amount); Jordan v. Multnomah Cty., 815 F.2d 1258, 1262 (9th Cir. 1987) (citation omitted) ("A strong presumption exists that the lodestar figure represents a reasonable fee, and upward adjustments of the lodestar are proper only in rare and exceptional cases.").

Here, the Court finds no such exceptional circumstances. This case did not present a novel question, as it was the last of three cases filed in California by different organizations challenging the Schedule B requirement. See Center for Competitive Politics v. Harris, No. 14-cv-00636-MCE (E.D. Cal.); Americans for Prosperity Foundation, 141 S. Ct. at 2385 (2021). The Law Center's counsel attended the Americans for Prosperity Foundation trial, coordinated the litigation with counsel from the former, submitted deposition and trial testimony used from the former's trial, and used some of the same expert witnesses as those used by the plaintiff in the former case. In fact, the Law Center has argued that "the prior adjudication on the merits in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-CV-03048-CAS (FFMx) | Date | March 28, 2022 |
|---|---|---|---|
| Title | THOMAS MORE LAW CENTER V. ROB BONTA | | |

[Americans for Prosperity Foundation] is binding upon the Attorney General . . . because many of the issues sought to be litigated in [the Law Center's] case are identical to those decided" in the previous action. Dkt. 73-1 at 1.

Moreover, the Court notes that the Supreme Court has found that enhancements often ill serve § 1988's policies. "Section 1988 serves an important public purpose by making it possible for persons without means to bring suit to vindicate their rights. But unjustified enhancements that serve only to enrich attorneys are not consistent with the statute's aim." Perdue, 559 U.S. at 542.

Accordingly, the Court concludes that a fee multiplier is inappropriate here because the lodestar figure requested accurately compensates the Law Center's attorneys for the time they spent litigating the matter.

### B. Costs and Other Fees

#### 1. Expert Fees

The Law Center argues that it is entitled to recover expert fees of $168,094.04 as part of its attorneys' fees award. Mot. for Fees at 22. 42 U.S.C. § 1988(c) states that "[i]n awarding an attorney's fee under subsection (b) in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee." The Law Center withdrew its requests for expert fees in its reply brief, noting that the "California Attorney General is correct" that expert witness fees are not recoverable in actions under section 1983. Reply at 1.

#### 2. Taxable Costs

The Law Center argues it is entitled to recover taxable costs in the amount of $9,033.76 under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. Mot. for Fees at 23. The Law Center argues that while the original judgment stated that "each party shall bear its own costs," the modified judgment that the parties stipulated to does not include such language. Dkts. 139; 208.

Defendant argues that because Judge Real ordered that the parties should bear their own costs, the Law Center is not entitled to taxable costs. Opp. at 2. Defendant contends that when the parties stipulated to the entry of a modified judgment on December 28,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:15-CV-03048-CAS (FFMx) | Date | March 28, 2022 |
|---|---|---|---|
| Title | THOMAS MORE LAW CENTER V. ROB BONTA | | |

2021, other than granting relief on the Law Center's facial claim, the amended judgment did not disturb the underlying judgment. Opp. at 4; dkt. 208.

The Court notes that while it is not bound by Judge Real's decision, the Court nonetheless sees no reason to overturn Judge Real's finding that it is appropriate for each side to bear its own costs. Accordingly, the Court denies the Law Center's request for recovery of nontaxable costs.

       3.    <u>Reasonable Expenses</u>

The Law Center argues that it is entitled to expenses of $76,811.27 in prosecuting this litigation. Mot. for Fees at 24-25; Ex. E. The Law Center contends that its non-taxable costs—including time for travel such as rental vehicles, parking, lodging, and meals—are reasonable. <u>Id.</u> Under § 1988, the prevailing party "may recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." <u>Harris v. Marhoefer</u>, 24 F.3d 16, 19 (9th Cir. 1994) (internal quotations omitted).

Defendant argues that many of the Law Center's requested miscellaneous non-taxable costs are not recoverable. Opp. at 21. Defendant contends that fees such as repairing a broken screen, obtaining wireless internet, some meals, and some travel expenses are not recoverable because they are excessive. <u>Id.</u> Defendant argues that the total amount of recoverable costs should be reduced by $37,113.61. Greenfield Decl. ¶¶ 90-92.

The Court notes that although the prevailing party is entitled to out-of-pocket expenses under § 1988, those fees must be "necessary and reasonable." <u>Harris</u>, 24 F. 3d at 20. Here, the Court agrees with defendant that the cost for repairing a broken phone screen is not reasonable, and deducts those fees in the amount of $38.14.

For the remainder of the fees, however, the Court finds that the Law Center's requested travel expenses, which are adequately accounted for through receipts and labeled exhibits, are reasonable. While a request of $76,811.27 for out-of-pocket costs appears high at first glance, the Court finds these fees reasonable when evaluating the cost of multiple trips taken during the course of the litigation, including costs for airfare, lodging, meals, and car services. The Law Center's detailed recording of its out-of-pocket expenses show that attorney Louie Castoria traveled from the San Francisco area to the Los Angeles area approximately 12 times during the course of the seven year

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:15-CV-03048-CAS (FFMx) | Date | March 28, 2022 |
|---|---|---|---|
| Title | THOMAS MORE LAW CENTER V. ROB BONTA | | |

litigation. Castoria traveled alone for the majority of the trips, and was accompanied by one to two additional attorneys for the remainder of his travel. Dkt. 217-1 at 158. The Law Center labels the purpose of each trip, such as travel for the pre-trial hearing, travel for the Ninth Circuit oral argument, travel for the pre-trial conference, travel to attend trial—all of which appear reasonable for lead counsel to attend in-person. Accordingly, the court deducts $38.14 from the Law Center's request, and awards the Law Center $76,773.13 in nontaxable costs under § 1988.

4. <u>Fees for This Motion</u>

The Law Center seeks to recover fees for 41.8 additional hours of work completed by ADF after July 29, 2021, increasing ADF's recoverable fees by $21,790. Reply at 23. The Law Center notes that this time was not accounted for in the Law Center's supplemental memorandum, because the original declarations in support of its motion only included time spent on the case before July 29, 2021.

The Court finds that recovery of fees expended on preparing this motion for attorneys' fees is appropriate, as the Ninth Circuit has held that "time spent in establishing the entitlement to and amount of [attorney fees] is compensable." <u>Camacho v. Bridgeport Fin., Inc.</u>, 523 F.3d 973, 981 (9th Cir. 2008).

C. **Total Award**

Accordingly, the Court finds that the lodestar number proposed by the Law Center for KDV should not be subject to a multiplier. Further, the Court finds that the lodestar figure for KDV is $2,138,165, and the lodestar figure for ADF is $615,165.

The Court reduces the Law Center's total fees by an additional $11,290—$2,110 for the Law Center's motion to extend the deadline for their late reply brief and $8,180 for the Law Center's media requests. Finally, the Court finds that the Law Center's fees should be increased by $21,790 for work on the attorneys' fees motions that was not initially accounted for. Therefore, the Law Center is entitled to attorneys' fees amounting to $2,763,830.

Further, the Court declines to award taxable costs in the amount of $9,033.76. The Court awards the Law Center $76,773.13 in nontaxable costs, deducting $38.14 from the Law Center's request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-CV-03048-CAS (FFMx) | Date | March 28, 2022 |
| Title | THOMAS MORE LAW CENTER V. ROB BONTA | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for attorneys' fees and awards plaintiff **$2,763,830** in attorneys' fees and **$76,773.13** in costs.

IT IS SO ORDERED.

|  |  | 00 | : | 33 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |